[No. 3340. Decided February 20, 1900.]

EDWARD DAVIS, *Appellant,* v. JOHN B. CATRON, *Warden of Washington State Penitentiary, Respondent.*

HABEAS CORPUS—DISCHARGE OF PRISONER—SENTENCE FOR DIFFERENT TERMS—EXPIRATION OF ONE TERM.

A prisoner is entitled to his discharge upon proceedings in habeas corpus, when it appears that he was imprisoned under a regularly certified judgment and commitment for the term of one year, which had expired, although another judgment by the same court on the same day ordered his commitment for a term of five years, which was the proper penalty for the offense of which he had been convicted.

CRIMINAL LAW—UNCERTAINTY OF SENTENCE.

Where there are two judgments rendered and filed on the same date, with two different sentences in them, the real sentence is void for uncertainty and punishment thereunder is not justified.

Appeal from Superior Court, Walla Walla County.—
Hon. THOMAS H. BRENTS, Judge. Reversed.

*Sharpstein & Rader* and *Troy & Falknor,* for appellant.
*Oscar Cain* and *Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Petition for a writ of habeas corpus, ad-
dressed by the appellant to the superior court of Walla
Walla county. Upon the production of the petitioner and
a hearing before the court, judgment was entered denying
the discharge of the appellant. The petition set up sub-
stantially that appellant was committed to imprisonment
in the state penitentiary for the term of one year upon a
judgment and conviction for burglary duly entered in the
superior court of Spokane county, and that the full term
of service under such conviction had expired. The re-
spondent, the warden of the penitentiary, in his return to
the alternative writ set out that he held the petitioner by
virtue of a judgment and commitment thereunder of the
superior court of Spokane county for burglary, and under
such judgment the penalty was five years' imprisonment
in the penitentiary.

It appears from the record now before the court that
two judgments against the appellant are certified by the
clerk of Spokane county as being filed and of record in his
office of the same date and for the same offense. One con-
tains a sentence against the appellant of one year in the
penitentiary, and the other contains a sentence of five
years in the same prison. The record does not disclose
that either judgment was vacated or set aside, or what is
the real sentence pronounced upon the appellant. It fur-
ther appears from the facts adduced at the hearing that
the appellant was on the 26th day of April, 1898, deliv-
ered to the respondent and imprisoned, by virtue of the

judgment and commitment, for one year, and entered upon his service thereunder; and thereafter, about the 29th of April, 1898, a certified copy of the judgment and commitment was received by respondent on the judgment for five years' imprisonment. And it is further made to appear, by stipulation, that the judgment for five years was entered upon the journal of the court, and the other judgment was not copied into the journal. The rights of the petitioner appear to be clear, upon this statement. Mr. Justice MILLER observes, in *Ex parte Lange,* 18 Wall. 163,

"If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. . . . Of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? . . . We do not doubt that the constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." 9 Am. & Eng. Enc. Law, 232; 21 Am. & Eng. Enc. Law, 1084.

The fact that a five year sentence was recorded in the court journal, and the one year judgment was only signed by the judge and filed by the clerk, which appears here by stipulation outside of the court record, is immaterial. The duties of the clerk in recording judgments are merely ministerial, and while the notice of record in the journal might possibly, under some circumstances, affect the time of appeal, and possibly the time when the judgment was information to the public, it cannot, in this case, affect the rights of the petitioner. He was rightfully imprisoned, under a judgment regularly certified, for a term of one year, and could not be sentenced again upon the same offense. And, further, if it be conceded that there were two judgments rendered and filed on the same date and at the same time, with two different sentences in them, the

real sentence would be void, because uncertain. No rule is better settled than that the sentence of imprisonment must be certain. An uncertain judgment will not justify punishment. 1 Bishop, New Criminal Procedure, § 1297; 21 Am. & Eng. Enc. Law, 1073.

The appellant was entitled to his discharge from imprisonment. The judgment is reversed and the cause remanded, with directions to the superior court to discharge the petitioner.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.