[No. 18291.    Department Two.    December 21, 1923.]

DICK WARD, *Plaintiff and Petitioner*, v. SUPERINTEND-
ENT OF THE STATE PENITENTIARY, *Defendant*.[1]

CRIMINAL LAW (370)—SUSPENSION OF SENTENCE—POWER TO EN-
FORCE. The court has power to set aside a suspension of a sentence,
even after the period of the sentence has expired, where a sentence
of one year in the penitentiary was suspended during good behavior
and until the further order of the court, and the prisoner was placed
in the custody of a parole officer, under Rem. Comp. Stat., § 2280.

SAME (370)—SUSPENSION—POWER TO ENFORCE—EFFECT OF FUR-
NISHING BAIL. In such a case, it is immaterial that the prisoner
furnish bail for his appearance, and that, after the expiration of the
period of the sentence, the bail money was returned to him.

PEMBERTON, J., dissents.

Application filed in the supreme court October 9,
1923, for a writ of habeas corpus to release a prisoner
from the penitentiary. Denied.

*Richards & Richards*, for petitioner.

*The Attorney General, Jos. E. Hall*, and *John F.
Garvin*, for defendant.

MITCHELL, J.—This is an action in habeas corpus,
original in this court. The petitioner was convicted
in the superior court of Clarke county of being a boot-
legger, the punishment for which, as defined by § 7328,
Rem. Comp. Stat. [P. C. § 3179h], is not less than one
or more than five years in the penitentiary. By the
judgment in the case, dated September 24, 1921,
entered on October 6, 1921, he was sentenced to one
year in the penitentiary. At the time of making and
entering the judgment, the superior court, acting under
the statute for the suspension of sentence, § 2280, Rem.
Comp. Stat. [P. C. § 8715], entered an order suspend-
ing the sentence "during good behavior" and "until

[1]Reported in 221 Pac. 323.

the further order of the court," together with the further provision therein "that the defendant's bail be fixed in the sum of $500, conditioned upon his appearance before the court to be regularly intrusted to a parole officer of the above named institution."

It is alleged in the petition, and admitted by the answer, that, on October 29, 1922, the superior court returned to the petitioner the sum of $500 bail money which he had deposited with the clerk of the court. Upon complaint of the prosecuting attorney that the petitioner herein had lately been guilty and convicted of being drunk and disorderly, and upon application of the prosecuting attorney for a revocation of the order suspending the judgment and sentence to the penitentiary, a hearing was had on August 23, 1923, that resulted in an order of the superior court revoking the former order of suspension of sentence and remanding the defendant to the sheriff for delivery to the authorities at the state penitentiary for carrying out the judgment and sentence theretofore imposed.

Upon the entry of the last mentioned order, and at the same time or occasion, without any application on the part of the defendant therein, the superior court made and entered an order for the expressed purpose of correcting the original judgment and sentence of one year, so as to make it read "not less than one nor more than five years in the penitentiary," as provided for in the statute against bootlegging. By its terms, the order provided that the corrected "judgment and sentence hereto attached be entered in place" of the original judgment, and thereupon on that day a formal judgment was entered accordingly. The petitioner was taken into custody by the superintendent of the penitentiary.

In support of the petition herein, and relying on the case of *Davis v. Catron,* 22 Wash. 183, 60 Pac. 131, it

is contended that the sentence is void for uncertainty, and that the petitioner is entitled to be discharged because it appears that there are two judgments providing for different terms of imprisonment against him for the same offense; and at the same time it is insisted, upon the authority of *State ex rel. Lundin v. Superior Court*, 90 Wash. 299, 155 Pac. 1041, and cases therein cited, that the superior court had no power or authority to make and enter the judgment of August 23, 1923, purporting to correct the original sentence of one year. The situation here differs from that in the case of *Davis v. Catron, supra,* wherein the court said:

"It appears from the record now before the court that two judgments against the appellant are certified by the clerk of Spokane county as being filed and of record in his office of the same date and for the same offense. One contains a sentence against the appellant of one year in the penitentiary, and the other contains a sentence of five years in the same prison. The record does not disclose that either judgment was vacated or set aside, or what is the real sentence pronounced upon the appellant."

In the present case, the record shows that the judgment of August 23, 1923, was for the expressed purpose of setting aside and taking the place of the original judgment entered October 6, 1921. The argument that there are two judgments in this case appears to be inconsistent with the other argument that the last judgment was without the power and authority of the court to enter. If the superior court had the power to correct its original judgment at the time it attempted to do so, by an indeterminate term of imprisonment of one to five years, the petitioner is not entitled to be discharged. On the other hand, if there was no authority in the superior court to enter the last judgment it leaves the original one, of which the petitioner has never complained by any attack upon it heretofore,

still in effect and to be enforced, if it shall be determined that the order of August 23, 1923, revoking the order of October 6, 1921, suspending the original judgment was within the power of the court.  The purpose of this action is to procure the discharge of the petitioner from the custody of the defendant at this time, which may not be accomplished if there is outstanding an unexpired portion of the term of imprisonment provided for in that judgment which the petitioner admits was properly entered, if such unexpired portion may yet be lawfully enforced.

One other contention is that the petitioner is entitled to be discharged because it appears that he was placed in the care of a parole officer of the state penitentiary under a suspended sentence to that institution for a period of one year which has expired, and that he had been under restraint by virtue of $500 bail money deposited in court for his appearance, the bail money having been returned to him after the expiration of the year for which he was sentenced.

Other than the so-called restraint because of the bail money furnished, to be later considered herein, the contention made is opposed to our holding in the case of *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29.  That was a case of a jail sentence for six months.  The judgment provided that the sentence was "suspended during good behavior and until the further order of the court."  Upon proceedings commenced after the expiration of six months, the superior court vacated the order suspending the operation of the sentence and ordered the defendant Berg confined in the county jail, as provided in the original judgment.  The statute, Laws of 1921, p. 204, ch. 69 (Rem. Comp. Stat., § 2280) [P. C. § 8715], is set out in the opinion wherein the law is construed with reference to its seeming uncertainty as to the kind of officer the court shall place

the convicted person in the care of during the period of suspension of judgment in the case of a jail sentence. Then, in subdivision two of the opinion, it is said:

"If, in suspending the operation of the sentence, the appellant had been put in custody of some officer as provided by the statute, we have no doubt the court could, at any time thereafter, upon a showing of a breach of the terms under which the suspension was made, set aside the suspension order and enforce the original judgment for the full term of six months. The statute authorizing the suspension of the execution of the sentence seems to contemplate that this not only may but shall be done, because it authorizes the suspension until the further order of the court. The appellant, being the recipient of the favor conferred by the statute, is in no position to claim that the court has lost jurisdiction or power to subsequently commit him. He was lawfully sentenced for six months, and he was relieved, upon certain conditions, from serving that sentence. If he break his parole, the court has a perfect right to annul the order of leniency and enforce the original sentence."

In that case, as here, it was contended there could be no commitment after the expiration of the period of time mentioned in the judgment. Upon that subject it was said:

"The appellant argues that, in any event, he cannot be committed after the expiration of the period of the original sentence, because to so hold would authorize the court at any and all times to enforce its sentence, thus hanging it over him all the days of his life. This, however, is no valid argument in support of his position. He cannot wipe out the sentence lawfully imposed upon him without paying the penalty. If he does not wish to have the sentence hang over him he has a perfect right to refuse the clemency of the court and serve his time. The very purpose of permitting the court to suspend the operation of the sentence is to give the defendant an opportunity thereafter to comport himself with good behavior. If he does not so do, he

cannot complain if he is required to serve the sentence.''

But, as already stated, a further contention is that he ''had been under restraint by virtue of $500 bail deposited in court for his appearance, and after· one year had expired, for which he was sentenced, the bail was returned to him.'' Assuming that bail was properly required by the court, it could in no sense take. the place of serving the sentence. It was never so intended, either as a matter of law or by the order which directed it .to be given. The suspension order filed on October 6, 1921, ordered ''that the defendant's bail shall be fixed in the sum of $500, conditioned upon his appearance before the court to be regularly intrusted to a parole officer of the above named institution.'' It was a temporary favor to the defendant to save him from being immediately imprisoned, and it is difficult to see how, if being put into the custody of a parole officer would not prevent the court from thereafter revoking the order of suspension of the judgment and requiring the sentence to be served, as we have seen is the case, that the furnishing of bail, which was but an assurance that he would be present when called upon to surrender himself into the custody of a parole officer, can have that effect.

Our conclusion is that the writ originally issued herein should be set aside and the action dismissed, without prejudice, however, to the right of the petitioner to renew appropriate proceedings to obtain his discharge upon the expiration of one year from August 23, 1923, the date of the order revoking the order of suspension of the sentence, with the understanding that we at this time express no opinion as to the merits of such proceedings, should any be instituted.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.

19—127 WASH.

PEMBERTON, J. (dissenting)—The statute provides that,

"Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer *during the term of such suspension, upon such terms as the court may determine.*" Section 2280, Rem. Comp. Stat. [P. C. § 8715].

At the time of the sentence, the court entered an order of suspension as follows:

". . . Upon condition that he shall permit the duly qualified officers of this county to make search and investigation of any property or building owned or used by the said defendant, either for his home or a place of business, without the necessity of having first to obtain therefor a search warrant so to do; that the said officers may investigate the said places for the purpose of determining whether or not the said defendant is living in obedience to this order. It is further ordered, that the defendant's bail shall be fixed in the sum of Five Hundred ($500) Dollars, conditional upon his appearance before the court to be regularly entrusted to a parole officer of the above named institution."

One month after the expiration of the term, the petitioner having complied with all these terms and conditions, the five hundred dollars deposited with the clerk was returned. To hold that one who complies with the terms imposed by the court "during the term of such suspension" may thereafter, at any time during his life, upon some alleged violation of law and without the right of trial by jury, be required to serve, in addition to complying with all these conditions, the

full term of the sentence, is to lose sight of the humane purpose of the law intended by the legislature. "Where defendant has complied with the conditions of his probation, after the expiration of the maximum possible term of sentence the court cannot enforce the original sentence." 16 C. J. 1337. It would seem to be much better to serve the sentence than to comply with all the conditions of the suspension and thereafter receive an additional penalty, the original sentence. The defendant should be discharged. I therefore dissent.