[No. 21954. Department One. January 3, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM LALLASHUTE, *Appellant*.[1]

*H. J. Snively,* for appellant.

*George E. Clark* and *O. Sandvig,* for respondent.

MITCHELL, C. J.—On October 9, 1926, on a plea of guilty, William Lallashute was adjudged guilty of manslaughter and sentenced to the penitentiary for not less than six months nor more than three years. It was provided in the judgment that the sentence be sus-

[1]Reported in 283 Pac. 678.

pended during good behavior, and that the defendant should report to the chief parole officer of the state penitentiary from time to time as directed by that officer. Thereafter, upon formal complaint and a hearing, the trial court found that the defendant had violated the condition upon which the order of suspension of the sentence had been granted, and on October 28, 1928, entered an order revoking it and directing that the defendant be taken to the state penitentiary to serve the original sentence. Upon the defendant giving notice of appeal immediately, he was allowed to go on his own recognizance during the pendency of the appeal.

The order revoking the suspension of the sentence, it will be noticed, was made at a time within the maximum three-year period of punishment fixed in the original judgment.

■ In presenting the case here, counsel for the appellant seeks to have us discuss the statute on the subject of the suspension of sentence beyond what we think is necessary for the disposition of the case. In our opinion, this case on principle is similar to the case of *Ward v. Superintendent of State Penitentiary*, 127 Wash. 572, 221 Pac. 323. In that case, the corrected judgment provided a sentence of not less than one nor more than five years in the penitentiary from October 6, 1921, and further provided for the suspension of the sentence during good behavior, according to the terms of the statute, Rem. Comp. Stat., § 2280. Upon good cause shown on August 23, 1923—nearly a year after the expiration of the minimum period of punishment mentioned in the judgment, and more than two years prior to the expiration of the maximum period of punishment fixed in the judgment—the trial court entered an order revoking the order of suspension of the sentence. That order of revocation was approved by us

in our denial of the defendant's application for a writ of *habeas corpus* upon his being confined in the state penitentiary. In the present case, as already noticed, the order revoking the order suspending the sentence was made on good cause shown and entered at a time between the dates of minimum and maximum periods fixed in the original judgment and sentence, just as was done in the *Ward* case. Upon the authority of, and for the reasons given in, the *Ward* case, the order appealed from in the present case is affirmed.

TOLMAN, BEALS, MILLARD, and PARKER, JJ., concur.