[No. 9369.   Department Two.   October 11, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
JAMES MALLAHAN, *Appellant*.[1]

CRIMINAL LAW—SENTENCE—SUSPENSION—POWER OF COURT—STAT-
UTES. Rem. & Bal. Code, § 2191, in effect when a plea of guilty was
entered, and § 2280, in effect when the defendant was finally com-
mitted, authorized the court to suspend sentence upon a plea of
guilty, and to commit the defendant thereafter.

SAME—VALIDITY. A suspension of sentence requiring the de-
fendant to report once a week to the officer and once a month to the
court, is not a final discharge as a release at common law, by rea-
son of failure to expressly recite that the suspension was during
"good behavior," where the suspension was under a statute au-
thorizing the same during good behavior.

CRIMINAL LAW—SENTENCE — INDETERMINATE TERM — ATTEMPTS—
BURGLARY. Under Rem. & Bal. Code, §§ 2794, 2986, and 2193, fixing
the maximum penalty for burglary at 14 years and providing that
the maximum term of an indeterminate sentence for attempted bur-
glary shall not exceed one-half of the maximum for burglary, with-
out any restriction on the minimum term, a sentence of not less
than five and not more than seven years for attempted burglary is
not an abuse of discretion.

Appeal from an order of the superior court for King
county, Ronald, J., entered March 28, 1910, denying the
vacation of a judgment enforcing a suspended sentence en-
tered upon a plea of guilty, in a prosecution for attempting
to commit burglary. Affirmed.

*Joseph M. Glasgow*, for appellant.

*George F. Vanderveer* and *John F. Murphy*, for re-
spondent.

CROW, J.—On September 26, 1908, the defendant, James
Mallahan, then about eighteen years of age, was charged by
information with the crime of attempting to commit a bur-
glary in King county. To this information he pleaded

[1]Reported in 118 Pac. 42.

guilty, and on November 14, 1908, the following order was made and entered:

"The prosecuting attorney with the defendant James Mallahan and counsel came into court. The defendant was duly informed by the court of the nature of the information found against him for the crime of attempt to commit burglary committed on the 23rd day of September, 1908, of his arraignment and plea of 'guilty of the offense charged in the information.'

"The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none.

"And no sufficient cause being shown or appearing to the court, thereupon the court rendered its judgment: That whereas the said defendant having plead guilty in this court of the crime of attempt to commit burglary, sentence is suspended provided the defendant report once a week to officer G. S. Corbett and once a month to the court."

Defendant was released from custody under the suspended sentence. On February 26, 1910, the defendant having been previously arrested, the following order was made and entered herein:

"Upon the showing of the prosecuting attorney that the defendant is under a suspended sentence to reformatory at Monroe, which sentence was suspended during good behavior, and the court finds that the defendant's behavior has not been good, the defendant is ordered confined at the reformatory at Monroe, for a term of not less than five (5) years and more than seven (7) years."

On March 4, 1910, defendant, by his attorney, filed his written motion, based upon his affidavit thereto attached, by which he asked the trial court to vacate the judgment and sentence. This motion, supported and resisted by other affidavits, was denied. The defendant has appealed.

Appellant contends the trial judge erred in denying his motion to vacate, that his plea of guilty was not voluntary, that he was entitled to be represented by counsel, and that the trial judge erred in imposing a minimum sentence of

five years.   We have carefully examined the affidavits upon
which appellant relies to show his plea was not voluntary,
that he was not properly represented by counsel, and that he
was innocent of the crime charged, and without repeating
their contents, we state our conclusion that they are insuffi-
cient to support his contentions, or sustain an order vacating
the judgment.   In substance he now claims he was induced
to withdraw a previous plea of not guilty and enter his plea
of guilty upon the promise and representation communicated
to him through his counsel that he would receive a jail sen-
tence only, and that he was not properly advised by the at-
torney who was then his counsel but is not his present counsel.
Honorable A. W. Frater, the trial judge who received his
plea of guilty and suspended sentence, and Honorable R. W.
Prigmore, the deputy prosecuting attorney then in charge
of the prosecution, by their affidavits make it appear that no
such promises or representations were authorized by either
of them, or made to their knowledge.   The appellant was
represented by counsel who appeared in his behalf, and the
record does not show that he failed in the discharge of his
duties.   The entry made by the trial judge shows the affi-
davit of appellant's former counsel was considered at the
hearing of the motion to vacate, but the affidavit itself does
not appear in the record and we are ignorant of its contents.

That the court had authority to suspend the sentence and
later commit the appellant is unquestionably shown by sec-
tion 1, chapter 24, Laws of 1905, p. 49 (Rem. & Bal. Code,
§ 2191), in effect when the plea of guilty was entered, and
section 28, chapter 249, Laws of 1909, p. 896 (Rem. & Bal.
Code, § 2280), in force when appellant was finally committed.
As to the power of the court to enforce a suspended sen-
tence under these sections, there can be no question.   If the
power does not exist, the practical effect of the order of sus-
pension was to finally discharge appellant and deprive the

trial court of further jurisdiction over him, a result not intended by the legislature.

"The legislature cannot authorize the courts to abdicate their own powers and duties, or to tie their own hands in such a way that, after sentence has been suspended, they cannot, when deemed proper and in the interest of justice, inflict the proper punishment in the exercise of a sound discretion. Nor can the free and untrammeled exercise of this power, or the right to pass sentence according to the discretion of the court, be made dependent upon compliance with some condition that would require the court to try a question of fact before it could render the judgment which the law prescribes. The statute must not be understood as conferring any new power. The court may suspend sentence as before, but it can do nothing to preclude itself or its successor from passing the proper sentence whenever such a course appears to be proper." *People ex rel. Forsyth v. Court of Sessions etc.*, 141 N. Y. 288, 36 N. E. 386.

Appellant insists his release was in effect a final discharge as a release at common law, in that it did not expressly comply with the statute by directing the release during his good behavior. We find no merit in this contention. The suspension was granted under the statute, although the words "good behavior" were omitted from the order which provided that appellant should report weekly to an officer and once each month to the court. This could have been for no other purpose than to keep them advised as to his conduct whether it constituted good behavior.

Appellant further insists it is the intention of the statute that the penalty for an attempt to commit burglary shall be only one-half as great as the penalty for the crime of burglary itself, that the maximum sentence herein should not exceed seven years, and that the minimum sentence should not exceed two and one-half years. The only reasonable construction of Rem. & Bal. Code, §§ 2794, 2986 and 2193, is that, in the case of an attempted burglary, the maximum term of an indeterminate sentence shall not exceed seven years, which is one-half of the maximum term fixed by § 2794

for the crime of burglary.  We do not find any restriction requiring the minimum term of an indeterminate sentence in this case to be fixed at less than five years.  The trial court, in the exercise of his discretion, made the indeterminate sentence from five to seven years.  In so doing he did not err.  The judgment is affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and CHADWICK, JJ., concur.