[No. 17093. *En Banc.* April 13, 1922.]

THE STATE OF WASHINGTON, *on the Relation of* B. TINGSTAD, *Appellant,* v. MATT STARWICH, *Respondent.*[1]

CRIMINAL LAW (370)—SUSPENSION OF SENTENCE. Under Rem. Comp. Stat., § 2280, to suspend a sentence, if a prisoner is sentenced to a term in the county jail, he must be put in charge of some parole or peace officer not necessarily connected with that institution; and if sentenced to a state penal institution, he must be put in charge of a parole officer of such institution.

CONSTITUTIONAL LAW (40)—DISTRIBUTION OF POWERS—ENCROACHMENT ON EXECUTIVE—PARDONS AND PAROLES. Rem. Comp. Stat., § 2280, authorizing the court to suspend a sentence, is not violative of Const., art. 3, § 9, vesting the pardoning power in the governor; and the statute does not authorize a pardon, but only to suspend, "until otherwise ordered by such court."

CRIMINAL LAW (370)—SUSPENSION OF SENTENCE—POWER TO ENFORCE. Where a sentence has been suspended under Rem. Comp. Stat., § 2280, the fact that the prisoner was not placed in charge of

[1]Reported in 206 Pac. 29.

some parole or peace officer, as required by law, does not deprive the court of jurisdiction to enforce the judgment upon the breaking of the parole.

SAME (370). Where a sentence is suspended and the prisoner released on parole, the court does not lose jurisdiction to enforce the judgment by lapse of the time which the sentence covered.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 27, 1921, denying a writ of habeas corpus and remanding petitioner to jail to serve a suspended sentence, upon sustaining a demurrer to the petition. Affirmed.

*E. P. Donnelly,* for appellant.

*Malcolm Douglas* and *Ewing D. Colvin,* for respondent.

BRIDGES, J.—On June 27, 1921, in the superior court of King county, G. W. Berg pleaded guilty to the charge of vagrancy, and was sentenced to serve a term of six months in the jail of that county. The judgment provided, however, that the sentence was "suspended during good behavior and until the further order of the court." Thereafter the defendant was given his liberty. More than six months after the entry of this judgment, the prosecuting attorney of King county petitioned the court to set aside and vacate so much of the judgment as suspended the operation of the sentence. On this application Berg was again arrested on a bench warrant and brought into court. The court being satisfied that Berg had violated the terms upon which the suspension of execution of sentence was made, entered an order revoking such suspension, and directed Berg to be confined in the county jail for a period of six months, as provided in the original judgment. Thereafter this petition for a writ of habeas corpus was presented, which, in substance, sets

out the facts above recited and alleges that Berg is deprived of his liberty without warrant of law. A demurrer to the petition was sustained, and the court's order was that Berg be remanded to the custody of the sheriff of King county to be confined in the county jail, as provided in the sentence. From this judgment, an appeal has been taken.

The courts are in irreconcilable conflict on the question whether the trial court, in a criminal case, has power to suspend the execution of a sentence where there is no statute authorizing such action. Some courts hold that, in the absence of a statute, any action of the court suspending the execution of a sentence is void and of no effect, while other courts hold that the court passing the sentence has an inherent right to suspend it for an indefinite time. It is not necessary, however, that we discuss this question, because during all of the times mentioned, there was a statute in this state which reads as follows:

"Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime [except certain designated ones not involved here] the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parol or peace officer during the term of such suspension, upon such terms as the court may determine. In no case shall a sentence be suspended under the provisions of this section unless the prisoner if sentenced to confinement in a penal institution be placed under the charge of a parol officer, who is a duly appointed and acting officer of the institution to which the person is sentenced." Laws of 1921, ch. 69, p. 204; Rem. Comp. Stat., § 2280.

Inasmuch as the record fails to show that, at the time of the suspension of the operation of the sentence,

the court placed the prisoner in charge of any parole or peace officer, but, on the contrary, seems to show that such was not done, it becomes essential for us to construe that portion of the section of the 1921 laws with reference to placing the prisoner in charge of some parole or other officer. That law is an amendment of § 2280, Rem. Code (P. C. § 8715), and went into effect less than thirty days prior to the passing of sentence in this case. The original act did not require that the prisoner be put in charge of any officer. The statute is not clearly worded. The last portion of the first sentence requires the prisoner to be put in charge of a "parol or peace officer," while the second sentence requires that if he be sentenced to a "penal institution" he must be put in charge "of a parol officer" connected with that institution. Our statutes provide for parole officers for state penal institutions but not for jails. It would seem that, in speaking of penal institutions, the legislature had in mind such penal institutions as are maintained by the state. Our construction of this statute is that, if the prisoner be sentenced to serve a term in the county jail, he must, if operation of sentence be suspended, be put in charge of some parole or peace officer, who need not necessarily be connected with that institution; and if he be sentenced to a state penal institution, he must, if operation of sentence be suspended, be put in charge of some parole officer of such state institution.

The appellant contends, first, that the statute authorizing the court to suspend operation of a sentence indefinitely is unconstitutional because the constitution places the power of parole and pardon in the executive; and second, if the statute is not unconstitutional, then, because the court suspended the execution of the sentence in a manner contrary to that

provided in the statute, its order was void and it lost jurisdiction to thereafter require the sentence to be served; and third, that, in any event, the court did not have power to compel the prisoner to serve the sentence after the period of the sentence had expired.

(1) We think the statute authorizing suspension of the operation of a sentence is not violative of the constitution. Section 9, Art. III, of that instrument reads:

"The pardoning power shall be vested in the governor, under such regulations and restrictions as may be prescribed by law."

Section 11 of the same article provides that:

"The governor shall have power to remit fines and forfeitures, under such regulations as may be prescribed by law, . . ."

The statute does not undertake to empower the court to pardon or remit fines and forfeitures. It goes no farther than to permit the court to suspend the operation of the sentence "until otherwise ordered by such court . . ." The constitution does not vest in the executive exclusive or any direct authority to parole a prisoner. It is true another statute authorizes a certain board of which the governor is a member to parole on good behavior, but it exercises such power only after the sentence has been put into operation by the court. The court, by the terms of the statute, suspends—paroles, if you please—after sentence, but before it is put into effect. It must be admitted that there is a conflict of authority on this question. Some of the cases hold that the court has no power to suspend the operation of a sentence because so to do would be an encroachment on the constitutional power of the executive, and that any statute which undertakes to give such power is unconstitutional. *In re Webb*, 89

Wis. 354, 62 N. W. 177, 46 Am. St. 846, 27 L. R. A. 356; *Ex parte Clendenning,* 22 Okl. 108, 97 Pac. 650, 19 L. R. A. (N. S.) 1041; *Snodgrass v. State,* 67 Tex. Cr. 615, 150 S. W. 162, 41 L. R. A. (N. S.) 1144; *Neal v. State,* 104 Ga. 509, 30 S. E. 858, 69 Am. St. 175, 42 L. R. A. 190; *People v. Brown,* 54 Mich. 15, 19 N. W. 571. Other cases may be found in those here cited. Some of the decisions holding to the contrary are: *Ex parte Bates,* 20 N. M. 542, 151 Pac. 698, L. R. A. 1916A 1285; *People ex rel. Forsyth v. Court of Sessions of Monroe County,* 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856; *In re Giannini,* 18 Cal. App. 166, 122 Pac. 831; *People ex rel. Dunnigan v. Webster,* 14 Misc. Rep. 617, 36 N. Y. Supp. 745; *People v. Goodrich,* 149 N. Y. Supp. 406; *Ex parte Slattery,* 163 Cal. 176, 124 Pac. 856, 8 R. C. L. 248. We elect to follow those cases holding such a statute constitutional. This court, in *State v. Mallahan,* 65 Wash. 287, 118 Pac. 42, has recognized the validity of our statute authorizing the stay of the operation of a sentence. We there said:

"That the court had authority to suspend the sentence and later commit the appellant is unquestionably shown" by the statute. "As to the power of the court to enforce a suspended sentence under these sections, there can be no question."

(2) If, in suspending the operation of the sentence, the appellant had been put in custody of some officer as provided by the statute, we have no doubt the court could, at any time thereafter, upon a showing of a breach of the terms under which the suspension was made, set aside the suspension order and enforce the original judgment for the full term of six months. The statute authorizing the suspension of the execution of the sentence seems to contemplate that this not only may but shall be done, because it authorizes the

suspension until the further order of the court. The appellant, being the recipient of the favor conferred by the statute, is in no position to claim that the court has lost jurisdiction or power to subsequently commit him. He was lawfully sentenced for six months, and he was relieved, upon certain conditions, from serving that sentence. If he break his parole, the court has a perfect right to annul the order of leniency and enforce the original sentence.

"Where the execution of sentence has been suspended as authorized by the probation statute, such order is effective until revoked or modified; and it is improper to issue a commitment for one released until such judgment suspending sentence is modified. However, after suspending the execution of sentence, the court may order the issuance of a commitment and direct the enforcement of the original judgment. . . Where the execution of sentence is suspended, the period during which defendant is in the custody of the probation officer is not part of the term of his sentence; and where the suspension is revoked the term of sentence runs from the time of such revocation, not from the time of the commitment to the probation officer." 16 C. J. 1336.

Such we say would have been the prisoner's situation if the suspension of the enforcement of the judgment had been in strict compliance with the letter of the statute, but the situation cannot be changed merely because the court did not place the defendant in charge of some parole or peace officer as the law required. The statute gives the court power to suspend the execution of the sentence, and the erroneous exercise of that power cannot deprive the court of jurisdiction over the appellant to enforce the judgment it has entered. The validity of that judgment is not affected by the regular or irregular exercise, by the court, of the statutory power. We have held that a judgment

of sentence made under a wrong statute, or for an unauthorized period, does not deprive the court of jurisdiction to impose and enforce a sentence according to law. *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042; *In re Blystone,* 75 Wash. 286, 134 Pac. 827; *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512. In the case of *State v. Mallahan, supra,* discussing the power of the court to suspend the operation of a sentence, we said:

"Appellant insists his release was in effect a final discharge as a release at common law, in that it did not expressly comply with the statute by directing the release during his good behavior. We find no merit in this contention. The suspension was granted under the statute, although the words 'good behavior' were omitted from the order which provided that appellant should report weekly to an officer and once each month to the court. This could have been for no other purpose than to keep them advised as to his conduct whether it constituted good behavior."

If we should agree, however, with appellant's contention that the order of the court suspending the execution of the sentence was void, still it would not follow that the court has lost jurisdiction or power to enforce its original judgment. We cannot see any possible reason why a court should be without power to enforce its sentence simply because it has, without authority of law or contrary to such authority, undertaken to suspend the operation of the sentence. The appellant has cited the following cases, among others, in support of his argument: *In re Strickler,* 51 Kan. 700, 33 Pac. 620; *In re Markuson,* 5 N. D. 180, 64 N. W. 939; *In re Webb,* 89 Wis. 354, *supra; United States v. Wilson,* 46 Fed. 748; *Ex parte Clendenning, supra; State ex rel. Dawson v. Sapp,* 87 Kan. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249; *Spencer v. State,* 125 Tenn. (17 Cates) 64, 140 S. W. 597, 38 L. R. A. (N. S.) 680.

Most of these cases hold that, in the absence of a statute authorizing the suspension of a sentence, the court is powerless to suspend and his action in so doing is void. But only three or four of them hold that the court is without power and jurisdiction, after making the void order, to enforce its original sentence. We will now briefly review some of these cases.

In *Spencer v. State, supra,* it was held that the trial court had power to enforce its judgment, even after making a void order indefinitely suspending its execution, saying:

"We therefore hold that the stay of execution was merely void. This being true, he [the court] had the right to cause a capias to issue to take the plaintiffs in error into custody, to the end that they might serve their sentence."

In the case of *In re Markuson, supra,* it was held that while, in the absence of a controlling statute, the court had no power to suspend the operation of a sentence, yet, after undertaking so to do, the judgment might be enforced.

In *United States v. Wilson, supra,* it was held that where the trial court had no power to suspend it had no power to revoke the suspension, and no power to subsequently enforce the sentence.

In the case of *State ex rel. Dawson v. Sapp, supra,* it was held that, in the absence of an authorizing statute, the court had no power to suspend the operation of a sentence, and having made a void order of suspension, had no power, after the term, to either revoke the suspension or to commit the defendant. The reason given by the court for this holding is that:

". . . the defendant ought not, in the absence of a statute permitting it, to be held in fear of punishment which may or may not be inflicted at the pleasure of those in authority."

A similar holding seems to have been made in *Ex parte Clendenning, supra.*

In the case of *In re Webb, supra,* it was held that, although the court was without power to suspend the operation of the sentence, it might during the term, but not after, enforce it.

In the case of *In re Strickler, supra,* the holding is substantially to the same effect.

It will thus be noted that some of the cases cited by the appellant hold that, after the court has made a void order suspending the execution of sentence, it loses jurisdiction to enforce the sentence, while other of such cases hold to the contrary. We are unable to follow those courts which hold that the trial court has exhausted its power and authority upon the making of a void order suspending the execution of sentence.

An important case upon this subject is that of *Ex parte United States,* 242 U. S. 27, 37 S. Ct. 72, Ann. Cas. 1917B 355, L. R. A. 1917E 1178. The facts there were that, after the defendant was sentenced, the court suspended its operation during good behavior. There was no statute authorizing this action. The supreme court of the United States, after making an exhaustive review of the whole subject, holds that the trial court was without power to suspend the operation of the sentence and that its action was void. The court directed the trial court to set aside its order suspending the execution of the judgment, and while it did not expressly direct that, upon the setting aside of the suspension, the original sentence should be put into effect, it cannot be doubted that such was the effect of the decision; otherwise it would have been useless to have ordered the suspension of the execution of the sentence set aside. It is plain that the court in this case held that the trial court did not lose its power to

enforce its sentence simply because it had made a void order suspending its operation indefinitely and during good behavior. The following cases support the view here announced. *State v. Abbott,* 87 S. C. 466, 70 S. E. 6, Ann. Cas. 1912B 1189, 33 L. R. A. (N. S.) 112; *Neal v. State,* 104 Ga. 509, 30 S. E. 858, 69 Am. St. 175, 42 L. R. A. 190; *Gray v. State,* 107 Ind. 177, 8 N. E. 16; *Miller v. Evans,* 115 Iowa 101, 88 N. W. 198, 91 Am. St. 143, 56 L. R. A. 101; *Fuller v. State,* 100 Miss. 811, 57 South. 806, Ann. Cas. 1914A 98, 39 L. R. A. (N. S.) 242; *Spencer v. State, supra.* The notes to such of these cases as are in the L. R. A. series will give the many cases on this subject. The real question involved here is whether the court had power to commit the defendant after it had made its order suspending the sentence. We hold that it had such power, even though its order suspending the operation of sentence was void.

(3) The appellant argues that, in any event, he cannot be committed after the expiration of the period of the original sentence, because to so hold would authorize the court at any and all times to enforce its sentence, thus hanging it over him all the days of his life. This, however, is no valid argument in support of his position. He cannot wipe out the sentence lawfully imposed upon him without paying the penalty. If he does not wish to have the sentence hang over him he has a perfect right to refuse the clemency of the court and serve his time. The very purpose of permitting the court to suspend the operation of the sentence is to give the defendant an opportunity thereafter to comport himself with good behavior. If he does not so do, he cannot complain if he is required to serve the sentence. It is true there are a few cases which seem to hold to the contrary, but in the light of the purpose of our statute authorizing the court to suspend sentence,

we cannot follow those cases. The following are some of the cases supporting our view. *State v. Abbott, Fuller v. State,* and *Spencer v. State, supra.*

The judgment is affirmed.

Fullerton, Main, Holcomb, Tolman, Mitchell, Hovey, and Mackintosh, JJ., concur.

Parker, C. J. (concurring in part)—I concur in the result reached in the foregoing opinion, because of the fact that the court, in suspending sentence, did not, in connection with its order of suspension, place the defendant "under the charge of a parol or peace officer during the term of such suspension," as required by the statute. Had this been done and the defendant so held under restraint, I would be strongly inclined to hold that whatever time he was so held under restraint would be to his credit upon the whole time for which he was adjudged to serve as a punishment, and that if he were so held under restraint during the whole time for which he was adjudged to serve as a punishment, he would have then paid the full penalty of the judgment. I do not now want to give my assent to a view contrary to this, as I fear I might be doing by unqualifiedly concurring in the foregoing opinion.