[No. 24312.   *En Banc.*   July 3, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Paul Pence, Respondent,* v. J. P. KOCH, *as Justice of the Peace, Appellant.*[1]

*George H. Freese,* for appellant.

*Richard B. Ott,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court restraining a justice of the peace from enforcing a jail sentence which that officer had imposed upon a defendant in a criminal case.

Paul Pence, together with another, was charged in the justice of the peace court with the crime of petit larceny, to which they both pleaded guilty. They were sentenced to pay the costs, and each was given "30 days jail. Suspended." This judgment was entered June 24, 1931. The defendants paid the costs. June 21, 1932, or approximately a year later, the prosecut-

[1]Reported in 23 P. (2d) 884.

ing attorney made an application, to the same justice who imposed the sentence, for an order revoking the suspension as to Paul Pence. Upon a hearing, at which Pence was represented by counsel, and on June 27, 1932, the justice of the peace entered an order revoking the suspension as to this defendant. Pence took the matter before the superior court for review, and, after a hearing there, that court entered a judgment which enjoined the justice of the peace from enforcing the jail sentence which had been imposed upon Pence, and from this judgment the justice of the peace appeals.

The question presented upon this appeal is whether the justice of the peace had power to revoke the suspension and require the defendant to serve the jail sentence.

Section 2280, Rem. Rev. Stat., provides that:

"Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime [except certain crimes therein specified], the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine."

The provision of this statute with reference to the suspension of sentence is applicable to a justice of the peace court as well as the superior court. *State ex rel. Graham v. Willey,* 168 Wash. 340, 12 P. (2d) 393.

It will be observed that, by the statute, when a sentence is suspended, it is required that the sentenced person be placed "under the charge of a parole or peace officer." In the case now before us, when the justice of the peace suspended the sentence, he did not

place either of the defendants "under the charge of a parole or peace officer," as required by the statute. Not having complied with the legislative requirement in this regard, the suspension of the sentence was void, but that portion of the judgment which imposed the sentence remained valid and enforceable. The suspension being void and the sentence being valid, the court had jurisdiction to revoke the suspension and require the defendant to serve the sentence.

In *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393, it was said:

"We cannot see any possible reason why a court should be without power to enforce its sentence simply because it has, without authority of law or contrary to such authority, undertaken to suspend the operation of the sentence. [Citing and reviewing authorities.]

"It will thus be noted that some of the cases cited by the appellant hold that, after the court has made a void order suspending the execution of sentence, it loses jurisdiction to enforce the sentence, while other of such cases hold to the contrary. We are unable to follow those courts which hold that the trial court has exhausted its power and authority upon the making of a void order suspending the execution of sentence."

In *State ex rel. Comer v. Hall, ante* p. 188, 22 P. (2d) 295, it was said:

"The court did not, at the time of the suspension of the operation of the sentence, or later, place the relator in charge of any parole officer. It follows that the order suspending the sentence was absolutely void, because of non-compliance with the statutory provision that sentence shall not be suspended in any case unless the prisoner 'be placed under the charge of a parole officer.'

"The trial court, however, did not lose jurisdiction to enforce the penitentiary portion of the judgment and sentence it rendered against the defendant, however void its suspension of that portion of the sentence may be. [Reviewing authorities.] The incorporation

within the judgment pronouncing sentence of an order suspending execution of that sentence does not affect the validity or finality of the judgment. It follows that the revocation or vacation of the order of suspension, because of its invalidity, or for any other reason, does not affect the validity or finality of the original judgment in the case.''

█ Where the suspension order is void or is set aside for any other reason, the court retains jurisdiction to enforce the sentence, even though the period covered by that sentence had expired at the time of the revocation. In this case, the jail sentence was for thirty days, and the setting aside of the suspension took place approximately a year later.

There is no substantial distinction between the case now before us and that of *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393. In that case, the defendant was sentenced to serve a term of six months in the county jail, and the sentence was suspended. More than six months after the entry of the judgment, an application was made to set aside and vacate the suspension. A hearing upon the application resulted in an order setting aside and vacating the suspension, and the defendant was required to serve the sentence, ''as provided in the original judgment.'' There, as here, the suspension was void, because the defendant was not placed in charge of a parole officer. It was there said:

''The appellant argues that, in any event, he cannot be committed after the expiration of the period of the original sentence, because to so hold would authorize the court at any and all times to enforce its sentence, thus hanging it over him all the days of his life. This, however, is no valid argument in support of his position. He cannot wipe out the sentence lawfully imposed upon him without paying the penalty. If he does not wish to have the sentence hang over him he has a perfect right to refuse the clemency of the court

and serve his time. The very purpose of permitting the court to suspend the operation of the sentence is to give the defendant an opportunity thereafter to comport himself with good behavior. If he does not so do, he cannot complain if he is required to serve the sentence. It is true there are a few cases which seem to hold to the contrary, but in the light of the purpose of our statute authorizing the court to suspend sentence, we cannot follow those cases. The following are some of the cases supporting our view. . . . "

That case was heard *En Banc,* and the opinion, in which the authorities were carefully reviewed and considered, was supported by seven members of the court, in addition to the writer. Subsequently, and in the case of *Ward v. Superintendent of State Penitentiary,* 127 Wash. 572, 221 Pac. 323, the excerpt here quoted from the *Tingstad* case was there quoted with approval. In neither of the cases of *State v. Liliopoulos,* 165 Wash. 197, 5 P. (2d) 319, nor *Bickford v. Eschbach,* 167 Wash. 357, 9 P. (2d) 376, is the question here presented mentioned, considered or determined.

The superior court was in error in entering a judgment enjoining the justice of the peace from enforcing the thirty-day jail sentence. The judgment will be reversed, and the cause remanded with direction to the superior court to vacate and set aside the injunction.

BEALS, C. J., MITCHELL, BLAKE, HOLCOMB, MILLARD, and STEINERT, JJ., concur.

TOLMAN, J. (dissenting)—If the decision in *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393, holds what the majority now says it holds and is controlling here, then, in my judgment, it should be modified. But, as I read that case, the argument is directed to, and the decision is based upon, an erroneous order of suspension made by a court of general jurisdiction and not upon a void order.

We are dealing in this case with the judgment of a justice of the peace, who made no attempt in any particular to comply with the statute authorizing suspensions, by limiting the effect of his order until it might be ordered otherwise by the court and by not placing the sentenced person in charge of a parole or peace officer under any terms or at all, but permitting such sentenced person to immediately go free of surveillance, responsible to no one save himself, with full permission to comport himself as he saw fit.

Taking into consideration all of the terms of the statute and the purpose for which it was enacted, we should hold that a justice of the peace may suspend a sentence only on the conditions which the legislature has provided, and failing to comply with such conditions, the attempt to suspend is utterly void and of no effect. In this case, at the moment the judgment was entered or on any day subsequent during the period of sentence, the suspension being void, the sentenced person might have been lawfully committed to jail without a hearing. He did not abscond or absent himself from the jurisdiction of the court or do any act to prevent the execution of the sentence.

Whether the statute of limitations would ever run against such a suspended judgment seems, under the language of the *Tingstad* case, to be doubtful, and if the statute is not tolled then the sentence becomes perpetual. Therefore, the sentenced person should not be held under menace of execution of the judgment forever. Being convicted of a minor offense within the jurisdiction of the justice of the peace, he should, in right and reason, at the expiration of the period of the sentence, be freed from the consequences of the judgment. Otherwise, for a petty offense one may have hanging over his head, suspended like the sword of Damocles, all his life long a menace of immediate

incarceration. No justice of the peace, by judicial construction, should be given power to pronounce a life sentence under any circumstances, or at all.

I therefore dissent.