[No. 34940. Department Two. September 15, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD DAVIS, *Appellant.*[1]

¹Reported in 355 P. (2d) 344.

*Victor Haglund* and *Max Kosher*, for appellant.

*Walter J. Deierlein, Jr.*, and *Stanley K. Bruhn*, for respondent.

HILL, J.—This appeal highlights the distinction between a suspended sentence under RCW 9.92.060, which we will refer to as the Suspended Sentence Act, and under the provisions made in the Prison Terms, Paroles and Probation Act, which we will refer to herein as the Probation Act (RCW 9.95.200 through 9.95.250).

Generally speaking, our superior courts use the former when they desire to suspend the execution of a sentence during the good behavior of a convicted person, and the latter when they desire to defer the imposition of a sentence, with a view to an ultimate dismissal of the charges if the behavior of the convicted person warrants such action. However, the latter is available and is used in many instances for the suspension of the execution of a sentence.

The facts in the present case are that the appellant entered a plea of guilty to the crime of negligent homicide in the superior court of Skagit county, and was sentenced October 11, 1954, to imprisonment in the county jail for one year; the period of confinement to run from October 4, 1954. The judgment and sentence contained the further order,

" . . . That ten months of the term of imprisonment be and the same are hereby suspended upon the following terms and conditions."

There followed five conditions, one of which was that his "motor vehicle operator's license shall be suspended and revoked for a period of three years"; and the last of the conditions was that he should

" . . . report to the Sheriff of Skagit County once each month regarding his employment and conduct and any other matters which the Sheriff may inquire about. . . ."

October 2, 1958, the prosecuting attorney moved to revoke the suspended sentence; and, after a hearing, the trial court found that the appellant had violated the terms and conditions of the suspended sentence, and on October 27, 1958, entered an order that the portion of

" . . . the Judgment and Sentence to the County Jail entered on the 11th day of October, 1954, which was suspended, to-wit: ten months, be, and the same is hereby, revoked, and said defendant, RICHARD DAVIS, is hereby remanded to the sheriff of Skagit County, Washington, to be detained by the said sheriff in the Skagit County jail, Skagit County, Washington, for the period of ten months (10)."

It is from this order revoking the suspended sentence that this appeal is taken.

It is not seriously contended that the conditions of the suspension were not violated; but it is urged that after one year from October 4, 1954, the sentence had terminated; that the appellant was thereafter no longer obligated to observe the conditions; and that thereafter the court had no jurisdiction to revoke the suspension.

The appellant argues that the sentence was suspended under the Probation Act, which provides that the court may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of the sentence, as the court may determine. RCW 9.95.200-9.95.210.

The trial court insists that the sentence was suspended in accordance with the terms of the Suspended Sentence Act, which states that the court at the time of imposing sentence may "direct that such sentence be stayed and suspended until otherwise ordered by such court. . . ." RCW 9.92.060.

Our cases hold that under this statute a sentence continues suspended until the further order of the court, and that the suspension may be revoked even though the period covered by the sentence has expired. *State ex rel. Pence v. Koch* (1933), 173 Wash. 420, 23 P. (2d) 884; *State ex rel. Tingstad v. Starwich* (1922), 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393.

A brief summary of the history and terms of the two acts will make it clear that the trial court was proceeding under the Suspended Sentence Act, and that there is no basis for contending that the legislature even contemplated the repeal or the replacing of the Suspended Sentence Act by the Probation Act.

HISTORY AND PROVISIONS OF THE SUSPENDED SENTENCE ACT,
and
A CONSIDERATION OF ITS APPLICABILITY TO THE
PRESENT CASE:

Prior to 1921, there had been an act in 1905 (Laws of 1905, chapter 24, p. 49), and a provision in the criminal code adopted in 1909 (Laws of 1909, chapter 249, § 28, p. 890), for the suspension of sentence of persons under twenty-one. Our present act (RCW 9.92.060) is derived from Laws of 1921, chapter 69, p. 204. That chapter contained only one section, but it may be divided into three parts designated A, B, and C.

A. It was applicable,

"Whenever any person [never before convicted of a felony or gross misdemeanor] shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape. . . . " (Brackets ours.)

B. The court could,

". . . in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine. . . . "

C. In no case was a sentence to

". . . be suspended under the provisions of this section unless the prisoner if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced."

(Division C has no application to county jail sentences, and refers only to sentences to state penal institutions. *State ex rel. Tingstad v. Starwich, supra.*)

Only one amendment was made to this act prior to the critical date of October 11, 1954. There was added to B (by Laws of 1949, chapter 76, p. 172) a proviso containing three specific items, all relating to money payments, which could be required as conditions to a suspension.

After October 11, 1954, there was another amendment by Laws of 1957, chapter 227, p. 889, which removed the bracketed words in A. This had the effect of making a suspended sentence available even if there had been a prior conviction.

Divisions A and B of the act were clearly applicable to the present case, and it is to be noted that the appellant was directed to report each month to the county sheriff, a "peace officer," as provided in B. This would not have been permissible had the court been proceeding under the Probation Act which we will presently consider.

HISTORY AND PROVISIONS OF THE PROBATION ACT
and
·A CONSIDERATION OF ITS NON-APPLICABILITY TO THE
PRESENT CASE:

We find this particular legislation as a part of the Prison Terms, Paroles and Probation Act, which was first enacted as chapter 114, Laws of 1935, p. 308. The only reference to suspended sentences, in the original act, was in § 6 which provided that whenever the sentence of a person sentenced to the penitentiary or reformatory was suspended under authority of Rem. Comp. Stat., § 2280 (identical with Laws of 1921, chapter 69 *i.e.*, our Suspended Sentence Act), the Board of Prison Terms and Paroles would assume and undertake the supervision of such persons during the period of such suspension. (Note: There is no indication of its applicability to county jail sentences suspended under the authority of the Suspended Sentence Act.)

Section 6, *supra*, was specifically repealed by Laws of 1939, chapter 125, p. 353, which also amended Laws of 1935, chapter 114 (the Board of Prison Terms and Paroles Act), adding six new sections "immediately after section 5 thereof," designated as 5-a through 5-f. These, with subsequent amendments thereto, constitute what we have referred to as the Probation Act. It will be observed that until 1949 it applied only to those convicted of felonies.

Section 5-a provided that "After conviction by plea or verdict of guilty of [a felony offense]," the court could summarily grant or deny probation, or at a subsequent time

might hear and determine, in the presence of the defendant, the matter of probation and the conditions of such probation. (Brackets ours.)

That this statute was not intended to supersede the Suspended Sentence Act was made clear by a provision which remained in this section until 1957, which read (p. 353),

" . . . *Provided, however,* Probation shall not be granted to any person who is not eligible under the law to receive a suspended sentence. . . . "

It was further provided in this section that the court might, in its discretion, prior to the hearing on the granting of probation, refer the matter to the Board of Prison Terms and Paroles for investigation; and, if there were no parole officers under the supervision of the board in the county, the court could refer the matter to the prosecuting attorney or sheriff of the county for investigation.

Section 5-b provides that (p. 354),

"The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine."
(This clearly gives the court the right to suspend a sentence which it has imposed, or to defer the imposition of sentence.)

This section further provides that the court, in the order granting probation, may, in its discretion, imprison the defendant in the county jail for a period not exceeding one year or may fine the defendant any sum not exceeding one thousand dollars plus the costs of the action; and may; in connection with such probation, impose both such imprisonment and fine and court costs. (These are frequently conditions to the suspension of a penitentiary sentence.) The court

" . . . may also require the defendant to make [full or partial restitution] and may require bonds for the faithful observance of any and all conditions imposed in the probation. . . . " (Brackets ours.)

This section further provides that the court shall order the probationer to report to the Board of Prison Terms and Paroles, which board will promulgate rules and regulations for the conduct of such person during the term of his probation.

This section was amended in 1949 and re-enacted, without amendment, in 1957, as hereinafter indicated.

Section 5-c deals with the procedure for the revocation of probation, for a violation of the terms of the probation, instituted by the officer under whose supervision the probationer has been placed. This section has never been amended, but was re-enacted without amendment in 1957.

Section 5-d provides that the court has authority at any time during the course of probation to

" . . . (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held."

This section has never been amended, but was re-enacted without amendment in 1957.

Section 5-e provides for the withdrawal of pleas of guilty by those who have "fulfilled the conditions" of their probation and for the dismissal of "the information or indictment against" them; but further provides that "in any subsequent prosecution, for any other offense, such prior conviction" shall have the same effect as if probation had not been granted.

This section has never been amended, but was re-enacted without amendment in 1957.

Section 5-f is as follows:

"In order to carry out the provisions of this act the state parole officers working under the supervision of the Board of Prison Terms and Paroles shall be known as state parole and probation officers."

This section has not been amended, but was re-enacted without amendment in 1957.

Attention is now directed to the amendments. Section 5-a, *supra,* has been twice amended: (1) by Laws of 1949, chapter 59, to replace the bracketed words "a felony offense" with the words "any crime." The obvious effect was to make the act applicable to any crime instead of only to felonies; (2) by Laws of 1957, chapter 227, which was subsequent to the date of the sentence with which we are now concerned, *i.e.,* October 11, 1954, and the change was the omission of the words:

" . . . *Provided, however,* Probation shall not · be granted to any person who is not eligible under the law to receive a suspended sentence. . . ."

However, there can not even be a suspicion that this indicates an intent to supersede the Suspended Sentence Act because the immediately preceding section of chapter 227, Laws of 1957, had amended the Suspended Sentence Act as indicated in our discussion of the history of that act. (With these two amendments § 5-a of the Board of Prison Terms and Paroles Act is now RCW 9.95.200.)

Section 5-b was amended by Laws of 1949, chapter 77, to substitute for the bracketed words "full or partial restitution," the words,

" . . . such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary · . . . [here follows the statement of three numbered and specific purposes not here material.]."

This section, as thus amended, is now RCW 9.95.210.

The original sections (5-c, 5-d, 5-e, and 5-f) have never been amended, but were re-enacted by chapter 227, Laws of 1957, and are now RCW 9.95.220, 9.95.230, 9.95.240, and 9.95.250.

We find absolutely nothing indicating that the court was using the Probation Act in suspending the appellant's sentence. There is no reference to probation; there is no direction that the suspension will "continue for such a period of time," as the court shall determine. The appellant was not ordered to report to the Board of Prison Terms and Paroles as that act requires; neither that board nor any state parole officer is in this picture.

PRESENT STATUS:

█ The present status of the two acts is to leave the probation procedure available "After conviction . . . of any crime," and the suspended sentence procedure available

"Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape. . . . "

█ Under the Suspended Sentence Act, the suspended sentence may be kept hanging over the person sentenced "until otherwise ordered" by the court. Under the Probation Act, the suspension may continue "for such period of time, not exceeding the maximum terms of sentence," as the court shall determine.

█ Under the Suspended Sentence Act, where county jail sentences are involved, the defendant is placed in charge "of a parole or peace officer"; under the Probation Act, in all cases, the probationer is directed to report to the Board of Prison Terms and Paroles.

█ The trial court could have suspended the appellant's sentence under either statute; that it elected to suspend under the statute which gave it control and supervision of the appellant's conduct for more than the year of his maximum sentence seems amply justified under the circumstances of this case and, particularly, in view of the fact that it had suspended the motor vehicle operator's license of the appellant for three years.

The order of the trial court, revoking the suspended sentence and committing the appellant to the county jail to serve the ten months of his sentence, which was suspended, was made by virtue of the authority given the trial court by the Suspended Sentence Act, RCW 9.92.060, and is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.