[No. 36669.   Department Two.   October 25, 1962.]

THE STATE OF WASHINGTON, *Plaintiff*, v. GRADY ESSARY, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *James W. Hodson, Judge, Respondent.*\*

*W. L. Delbridge*, for relator.

*Charles O. Carroll* and *James E. Kennedy*, for respondent.

PER CURIAM.—The relator, by a writ of certiorari seeks review of a judgment dismissing a writ of habeas corpus. He was convicted on November 29, 1960, by C. R. Norris, a non-lawyer Justice of the Peace in King County, Washington, on a charge of driving a motor vehicle upon the highway of the state of Washington while his license was suspended. He was, among other penalties, sentenced to serve 180 days in jail, with 170 days suspended.

\*Reported in 375 P. (2d) 486.

The right to revoke the suspension without notice and without a hearing was not reserved in the judgment and sentence.

Thereafter in April 1962, the relator was charged in the Justice Court of C. R. Norris with driving a motor vehicle upon the highway of the state of Washington while his license was suspended. He obtained a change of venue on that charge from the court of C. R. Norris to the county seat. In July 1962, he was found guilty of the latter charge; and thereafter C. R. Norris revoked, without notice and without hearing, the suspended sentence and ordered that the relator be confined in the county jail to serve the remaining 170 days.

The relator contends that the court of C. R. Norris was without jurisdiction to revoke the suspended sentence, since it failed to expressly reserve in the judgment the right to revoke without notice and without a hearing.

■ The power of the Justice Court to suspend a jail sentence is clearly established under RCW 9.92.060. *State ex rel. Graham v. Willey*, 168 Wash. 340, 12 P. (2d) 393. The statute provides that a jail sentence may be "suspended until otherwise ordered by such court."

In *State v. Davis*, 56 Wn. (2d) 729, 355 P. (2d) 344, it was held that the suspended sentence may be revoked even though the period covered by the sentence has expired. This rule has been adhered to by this court in *State ex rel. Pence v. Koch*, 173 Wash. 420, 23 P. (2d) 884; *State ex rel. Tingstad v. Starwich*, 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393.

The judgment is affirmed.