# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52851-7-II |
| Respondent, | |
| v. | |
| JEROME WARD MOODY, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—A police officer found Jerome Ward Moody smoking in a church alcove. Moody tossed away what the officer thought was a glass pipe, he then resisted arrest, and the officer found methamphetamine in a cigarette pack that Moody was carrying. The State charged Moody with felony methamphetamine possession, tampering with physical evidence, and resisting arrest. He was convicted on all three charges after a jury trial.

The trial court sentenced Moody to 12 months and 1 day of confinement on the felony methamphetamine possession and suspended his shorter misdemeanor sentences for tampering with physical evidence and resisting arrest. The trial court also noted that all of these sentences would be served concurrently. Moody appeals his sentence and requests remand to the trial court, arguing the trial court could not order both concurrent and suspended sentences for his two misdemeanor convictions. He also asks that we remand to correct a scrivener's error that omits the date in one section of his judgment and sentence. Finally, Moody asks us to remand for entry of written findings of fact and conclusions of law as to his motion to suppress statements he made to the officers, as required by CrR 3.5.

Regardless of whether Moody served his misdemeanor sentences concurrently with his felony sentence or the trial court suspended his misdemeanor sentences, Moody is subject to no further legal obligation as a result of his misdemeanor convictions that is not also required by his felony conviction and, thus, there is no relief that this court can provide. The sentencing hearing date appears elsewhere in the judgment and sentence. Although the trial court did not enter written findings regarding its CrR 3.5 ruling, Moody fails to show he was prejudiced, the lack of a written order is harmless, and remand for entry of written findings and conclusions is not necessary in light of the trial court's clear oral ruling. We affirm Moody's sentence and we decline to remand.

FACTS

Moody was smoking in a church alcove. A police officer approached Moody, and Moody told the officer he was smoking marijuana. The officer did not smell marijuana and asked Moody to produce the pipe. The officer saw Moody make a tossing gesture with his hands and heard glass break. The officer suspected Moody had discarded a glass methamphetamine pipe. Moody claimed he was only smoking marijuana and that he must have stepped on glass in the alcove.

Another officer arrived and the officers arrested Moody. Moody initially resisted, he yelled at officers, and pulled his arm away while being placed in handcuffs. While searching Moody incident to the arrest, an officer pulled from Moody's cigarette pack a piece of paper containing a crystalline substance that later tested positive for methamphetamine. The State charged Moody with a felony and two misdemeanors: felony possession of methamphetamine (count I), tampering with physical evidence (for disposing of the suspected methamphetamine pipe) (count II), and resisting arrest (count III).

The trial court held an evidentiary hearing under CrR 3.5 to determine which of Moody's statements made to the police officer would be admissible. At the hearing, the trial court made several verbal findings of fact and conclusions of law. First, referencing *In re Personal Restraint of Cross*,[1] the trial court examined whether the police officer's act of showing Moody the crystalline substance found in Moody's cigarette pack was comparable to a "statement designed to elicit an incriminating response." 1 Verbatim Report of Proceedings (VRP) (Sept. 20, 2018) at 56.

The trial court explained that if the officers engage in conduct that they should know is likely to elicit an incriminating response, then that amounts to interrogation. The trial court orally found some of Moody's postarrest statements inadmissible because they were made in response to the police officer showing Moody the crystalline substance and they occurred before Moody was read his *Miranda*[2] rights:

> [THE COURT:] There were some . . . spontaneous statements . . . that were made prior to an arrest having occurred. The officer testified there was essentially, quote, a barrage of statements that were made. . . .
>     . . . .
>     . . . [T]he statements prior to the arrest were . . . not during custody, and they were not the product or the result of an interrogation or a comment designed to elicit an incriminating response. So prior to the arrest event, those statements would be admissible.
>     Post-arrest, there were a number of statements that were made while in custody, and the question is whether they were the product of interrogation.
>     . . . .
>     . . . I do find the statements -- the ones that are not directly pertaining to the contraband that was shown to the defendant, I find that those statements would have been made irrespective of the showing of the contraband or the narcotics to the defendant. . . . But certainly the statements that were made, the sort of immediate response to the showing the narcotics, those . . . need to be suppressed . . . .

[1] 180 Wn.2d 664, 327 P.3d 660 (2014), *abrogated on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018).
[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

> . . . I think that the statements that were made when you're showing the narcotics but before he gets into the car for transport, those are clearly suppressed. And that includes at a minimum . . . the remarks regarding the planting of the evidence.
>
> . . . What are the other statements that would be subject to this ruling I'm making?
>
> MS. HUGHES: . . . [I]t sounds like he made statements, these were planted on me, it's not mine. I think those are the two statements that [the officer] said that . . . he thinks . . . was what was said by the defendant when he showed him.
>
> . . . .
>
> THE COURT: . . . I will suppress those statements.

1 VRP (Sept. 20, 2018) at 56-62.

The trial court found that all other statements made during Moody's arrest, on the way to the jail, and at the jail, were spontaneous and not due to the officer's questioning or interrogation. Thus, the trial court held these statements could be admitted.

A jury convicted Moody on all three charges. At sentencing, the State recommended that Moody be sentenced to 18 months in prison for the felony possession conviction, followed by 12 months of community custody. The State also recommended that the gross misdemeanor and misdemeanor sentences for the evidence tampering and resisting arrest convictions be suspended. On October 15, 2018, the trial court sentenced Moody to 12 months and 1 day in prison for the felony possession conviction followed by 12 months of community custody.

The judgment and sentence shows Moody's misdemeanor sentences for tampering with evidence (count II, 364 days) and resisting arrest (count III, 90 days) were both suspended, but it also shows that they were to run concurrent with the felony sentence. First, section 4.1A of the judgment and sentence states that counts II and III "shall run concurrent with the sentence imposed in Count I." Clerk's Papers at 13. Then in the same section, the judgment and sentence states that these misdemeanor sentences would be suspended.

4

Finally, section 1.1 of the judgment and sentence is left blank. It should list the date for the sentencing hearing. The sentencing date appears in two other places on the judgment and sentence—where the judge, attorneys, and Moody signed acknowledging the sentence and where Moody's fingerprints were taken.

ANALYSIS

I. SENTENCING

Moody argues that the trial court lacked authority to suspend his misdemeanor sentences and simultaneously order that those sentences run concurrently with his sentence for felony possession of methamphetamine. Moody asserts that his case must be remanded to clarify that he has no continuing legal obligations on the two misdemeanor sentences. The State does not contend that Moody has any continuing legal obligations under his misdemeanor sentences.

We decline to remand because Moody's misdemeanor sentences are complete and he has no further legal obligation as a result of his misdemeanor convictions that is not also required by his felony conviction. There is no relief that this court can provide, so this issue is moot.

A.      Suspended Sentences

Whether a sentencing court has imposed an unauthorized sentence is a question of law that we review de novo. *State v. Church*, 5 Wn. App. 2d 577, 580, 428 P.3d 150, *review denied*, 192 Wn.2d 1020, 433 P.3d 812 (2019). "'[I]llegal or erroneous sentences may be challenged for the first time on appeal.'" *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008) (quoting *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999)). But, generally, if we can no longer provide effective relief, we will dismiss a case as moot. *Wash. Off Highway Vehicle All. v. State*, 176 Wn.2d 225, 232, 290 P.3d 954 (2012).

During sentencing, a trial court has discretion to suspend a sentence, rather than impose confinement, until the court orders otherwise. RCW 9.92.060(1);[3] RCW 9.95.210(1)(a); *see also State v. Davis*, 56 Wn.2d 729, 730, 355 P.2d 344 (1960). But a sentencing court that orders a defendant to serve the maximum sentence for their conviction does not suspend any jail time. *See State v. Gailus*, 136 Wn. App. 191, 201, 147 P.3d 1300 (2006). A sentencing court cannot order probation or require compliance with conditions on the suspended sentence if it does not suspend any jail time. *Id.* Thus, a sentencing court cannot simultaneously require a defendant to serve a full sentence for a misdemeanor and suspend that same sentence with conditions or probation.

The maximum sentence for a misdemeanor is 90 days and the maximum sentence for a gross misdemeanor is 364 days. RCW 9A.20.021(2), (3). Moody was sentenced to 364 days and 90 days for his two misdemeanor convictions, respectively. He was sentenced to 12 months and 1 day followed by 12 months of community custody for his felony conviction. The judgment and sentence first states that the two misdemeanors would run concurrently with the 12-month felony sentence. The judgment and sentence then states that the misdemeanor sentences would be suspended so long as Moody complied with the terms of his probation, but the section imposing probation is crossed off, so no probation was imposed.

If the trial court intended Moody to serve his misdemeanor sentences concurrently with his felony possession sentence, Moody completed his misdemeanor sentences 90 days and 364 days from the date of the judgment and sentence in October 2018. And if his misdemeanor sentences were instead suspended, the terms of the suspended sentences would have expired 90 days and 364

---

[3]RCW 9.92.060(1) excludes "murder, burglary in the first degree, arson in the first degree, robbery, rape of a child, and rape."

days from the date that the judgment and sentence was entered in October 2018. RCW 9.92.064. The State does not contend that there are any further legal obligations as a result of Moody's misdemeanor convictions that are not also required by his felony conviction, and Moody does not identify any. Thus, we cannot provide any effective relief and this issue is moot. *Wash. Off Highway Vehicle All.*, 176 Wn.2d at 232.

B.      Scrivener's Error

Moody argues that the omission of the sentencing date from section 1.1 of the judgment and sentence is a scrivener's error that requires remand for correction. We disagree.

CrR 7.8(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." A scrivener's error is one that, when amended, would correctly convey the intention of the trial court as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). When a scrivener's error occurs in a judgment and sentence, the remedy is to remand to the trial court for correction. *In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005).

Section 1.1 of the judgment and sentence was left blank. We routinely remand for correction of small clerical mistakes, such as incorrect dates, failing to cross off inapplicable sentencing provisions, or imposing incorrect fees. But CrR 7.8(a) states that the court "may" correct the error, not that the court "must" correct the error, making the decision discretionary. The date of the judgment and sentence is undisputed and it appears elsewhere on the judgment and sentence. As a result, remand for this reason is not necessary.

## II. CrR 3.5(c) Hearing

Moody argues that the trial court erred by failing to enter written findings of fact and conclusions of law as required by CrR 3.5(c) and that remand is required for entry of written findings and conclusions. Moody does not address whether he was prejudiced by the lack of written findings, nor does he argue that the trial court's ruling was somehow incorrect. The State argues that the absence of written findings is harmless because the oral record is sufficient for appellate review and, thus, the defendant is not prejudiced. We agree with the State.

CrR 3.5(c) imposes on the trial court a duty to enter a written order after a hearing regarding the admissibility of certain statements. Specifically, CrR 3.5(c) requires the written order to include "(1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) [a] conclusion as to whether the statement is admissible and the reasons therefor." Although a trial court errs by failing to enter written findings of fact and conclusions of law as required by CrR 3.5(c), such error is harmless if the trial court's verbal findings are sufficient for appellate review. *State v. Bluehorse*, 159 Wn. App. 410, 423, 248 P.3d 537 (2011); *State v. Cunningham*, 116 Wn. App. 219, 226, 65 P.3d 325 (2003).

Here, the trial court made adequate verbal findings during the evidentiary hearing. It is clear why the trial court admitted some statements and not others. The trial court ruled that two of Moody's statements were inadmissible because they were made after the police officer showed Moody the crystalline substance he found in Moody's cigarette pack but before Moody was read his *Miranda* rights. In ruling the statements were inadmissible, the trial court explained that the statements could be considered the result of questioning designed to elicit an incriminating response under *Cross*, 180 Wn.2d at 685 (holding that interrogation for the purposes of *Miranda*

includes "any words or actions reasonably likely to elicit an incriminating response"). The trial court ruled Moody's other statements admissible because the trial court deemed them spontaneous and not due to the officer's questioning or interrogation.

The trial court provided explicit verbal findings that addressed facts and then applied the law to the facts. The trial court's verbal findings and conclusions are sufficient to permit appellate review. Moody fails to show any prejudice from the absence of written findings and conclusions after the CrR 3.5 hearing. Therefore, we hold that the trial court's failure to enter written findings and conclusions was harmless error and we decline to remand for entry of written findings and conclusions.

## CONCLUSION

We need not remand for resentencing, for correction of any error on the judgment and sentence, or for entry of written findings of fact and conclusions of law under CrR 3.5. We affirm Moody's sentence and decline to remand.

No. 52851-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Maxa, J.

10