[No. 28659.   Department Two.   June 26, 1942.]

THE STATE OF WASHINGTON, *Respondent*, v. RAY CULLEN, *Appellant*.[1]

*Adam Beeler*, for appellant.

*B. Gray Warner* and *Patrick M. Tammany*, for respondent.

BLAKE, J.—The defendant was convicted of second degree burglary.   In the course of the trial, it developed

[1]Reported in 127 P. (2d) 257.

that, in 1928 or 1929, he had been convicted of a gross misdemeanor, for which he had been sentenced to a term of one year in the county jail. While serving the sentence (and about six months before its expiration), he was granted an unconditional executive pardon.

When he was brought up for sentence after conviction in the instant case, he entreated the court to suspend sentence under Rem. Rev. Stat., § 2280 [P. C. § 8715], or put him on probation under Rem. Rev. Stat. (Sup.), § 10249-5a [P. C. § 4503-35a]. Under Rem. Rev. Stat., § 2280, the court may, in its discretion, suspend the sentence of a person convicted of crime who has *"never before* [been] *convicted of a felony or gross misdemeanor."* (Italics ours.) Under Rem. Rev. Stat. (Sup.), § 10249-5a, the court may grant probation to a person convicted of crime: *"Provided, however, Probation shall not be granted to any person who is not eligible under the law to receive a suspended sentence."* (Italics ours.) Included in the court's certificate to the bill of exceptions is the following:

"I do further certify that on the said 31st day of January, 1942, at the time of imposing judgment and sentence upon the appellant, I stated in open court that I was prevented from exercising my discretion and could give no consideration to the request of the appellant for either a suspended sentence or a deferred sentence, notwithstanding the fact that the testimony at the trial established the fact that an unconditional pardon had been given to the appellant by the governor or the chief executive of the state of Washington, by reason of the rule laid down by the supreme court of the state of Washington in the case of *State v. Edelstein,* 146 Wash. 221, *supra."*

From judgment and sentence accordingly entered, defendant appeals, charging error only in that the court declined to exercise *any* discretion in passing upon his plea for probation or a suspended sentence.

From the above-quoted portion of the court's certificate to the bill of exceptions, it may be fairly inferred that, but for the decision of this court in *State v. Edelstein*, 146 Wash. 221, 262 Pac. 622, it would have exercised the discretion vested in it by Rem. Rev. Stat., § 2280 and Rem. Rev. Stat. (Sup.), § 10249-5a, in favor of appellant. In other words, but for that decision, the court would have put appellant on probation or given him a suspended sentence.

That, in the light of the decision in the *Edelstein* case, the court was without authority to suspend sentence or grant probation, there can be no doubt. Indeed, the appellant, by implication, at least, concedes the point. For the burden of his argument here is that the *Edelstein* case is fundamentally wrong and should be overruled. In that case, it was held that, on a charge of being an habitual criminal in that the accused had twice before been convicted of a felony, it could not be shown in defense that he had received an unconditional pardon for one of his previous convictions.

The same principle had been previously applied in the case of *State v. Serfling*, 131 Wash. 605, 230 Pac. 847, where it was held that proof of a prior conviction was competent as affecting the credibility of a witness, notwithstanding he had received an unconditional pardon; and, again, in *State v. Hazzard*, 139 Wash. 487, 247 Pac. 957, 47 A. L. R. 538, where it was held that a pardon purporting to restore defendant "to all the rights and privileges she forfeited by reason of her conviction . . ." did not restore her prior rights to a license to practice medicine.

The appellant attacks the principle, as applied in the *Edelstein* case, on three grounds: (1) That it is against the weight of authority; (2) that the decision is mainly predicated upon a misapprehension of Bishop's views

on the subject as expressed in his work on "Criminal Law"; and (3) that the principle, as applied in the Edelstein case and by the trial court in this, puts a limitation on the pardoning power vested in the governor under the constitution.

*First.* As the decisions of courts of last resort now stand, there can be no doubt that the *Edelstein* case is against the weight of authority. Whether it was so at the time rendered, is questionable. In any event, it has been criticized by other courts in subsequent cases —notably in *Scrivnor v. State,* 113 Tex. Crim. App. 194, 20 S. W. (2d) 416; and *Kelley v. State,* 204 Ind. 612, 185 N. E. 453.

*Second.* This criticism is based primarily upon what appears to be a misapprehension of Bishop's personal views upon the effect of an unconditional pardon in a subsequent prosecution. In the course of the opinion in the *Edelstein* case, the court said:

"In 1 Bishop on Criminal Law (9th ed.), § 963, Sub. 4, that learned author says:

" 'It has been held in Ohio that a pardon obliterates an offence and that hence the conviction in regard to which it is granted is not a former conviction within the habitual criminal act. This reasoning is very technical. A person who has received clemency but instead of reforming persists in his evil ways certainly should not as to a subsequent offence be treated better than if the pardon had been denied. Accordingly the Kentucky Court has held that such a pardon does not relieve him from any penal consequences resulting from his subsequent offences, and this reasoning has been adopted by the United States Supreme Court'."

As pointed out in *Scrivnor v. State, supra,* the quotation expresses the views of the editors of the ninth edition of Bishop's work, published twenty-one years after his death. His own views found in the original

edition, and expressed in substance in § 919 of the ninth edition, are quite the contrary. He said:

"If a second offence is made by statute more heavily punishable than the first, and the first is pardoned, it is obliterated. It follows that a like offence afterward committed is punishable only as a first offence. We have a case wherein this reasoning was overlooked, and the contrary was held; the court observing that the pardon 'neither did nor could relieve from any penal consequence resulting from a different offence, committed after the pardon, and never pardoned.' True, but the pardon by annulling the one offence prevented the other from being the second."

Notwithstanding the court apparently attached much weight to the views of the editors of the ninth edition under the misapprehension that they were the views of Bishop, we are of the opinion that the editors voice the sounder doctrine. To hold that an unconditional pardon obliterates the offense or the fact of conviction, is to assume that the accused is innocent in the first instance. "A pardon proceeds not upon the theory of innocence, but implies guilt." *Roberts v. State,* 160 N. Y. 217, 54 N. E. 678. "The very act of forgiveness implies the commission of wrong, and that wrong has been established by the most complete method known to modern civilization." *State v. Hazzard,* 139 Wash. 487, 491, 247 Pac. 957, *supra.*

*Third.* Our cases proceed upon the theory that an unconditional pardon goes no further than to restore the accused to his civil rights and remit the penalty imposed for the particular offense, of which he was convicted in so far as it remains unpaid. The decisions adhering to the majority rule proceed upon the theory that that view puts a limitation upon the pardoning power vested in the executive, in that the penalty for the offense is not completely remitted.

The basic difference between the majority and the

minority rules is that the one rests upon the theory that the pardon *obliterates the offense,* making the subsequent crime *a first offense,* while the other rests upon the theory that the pardon merely *condones the offense.* In sustaining the majority rule, it is said that to take the pardoned offense into consideration upon trial of the accused for a subsequent crime is to deny full condonement of the former conviction. In the abstract, this seems logical enough. But it seems to us that the view taken by this court in the *Edelstein* case is quite as logical and practically more sound. While it may be said that an additional penalty is being exacted for the pardoned offense, it is wholly incidental to the subsequent crime.

"The pardon in this case merely restored the defendant to his civil rights. If it had been granted before his term of imprisonment had been served, it would also have relieved the defendant of that. But it did not obliterate the record of his conviction or blot out the fact that he had been convicted. *Matter of _____, an Attorney,* 86 N. Y. 563. It relieved the defendant of the consequences which the law attached to his offense. But the defendant is to be punished now solely in consequence of his second offense. *The fact of the former conviction is an element merely in determining the criminality of the second offense.*" (Italics ours.) *People v. Carlesi,* 139 N. Y. Supp. 309, 313, 29 N. Y. Crim. 35 (affirmed, 208 N. Y. 547, 101 N. E. 1114).

We think the rule laid down in the *Edelstein* case is a salutary one and does not constitute an invasion of the pardoning power vested in the governor. See *Carlesi v. New York,* 233 U. S. 51, 58 L. Ed. 843, 34 S. Ct. 576.

Judgment affirmed.

ROBINSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.