ROSE MROCZKOWSKI, Appellant, v. HENRY B. MECKOWSKI, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: As the necessaries allegedly supplied defendant's wife and child by the plaintiff were furnished, and plaintiff's claim therefor was instituted, prior to the entry of the decree in the separation action, the judgment denying defendant's wife a decree of separation is not conclusive upon the third party as to the issue of the legal justification of the wife's separation from her husband. To so extend the doctrine of *res judicata* would be to deny the reason and justice upon which the doctrine rests. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Elder* v. *New York & Pennsylvania Motor Express*, 284 N. Y. 350.) Nor do the facts in the present case bring it within the exception to the rule of mutuality of estoppel as a foundation of *res judicata*. (*Good Health Dairy Prods. Corp.* v. *Emery*, 275 N. Y. 14.) All concur. (Appeal from judgment of Onondaga Trial Term for defendant in an action by the mother of defendant's wife to recover for maintenance of said wife.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

∎

AURELIA BELLONI, as Administratrix of the Estate of JOSEPH BELLONI, Deceased, Appellant, v. HOOKER ELECTRO CHEMICAL CO., Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Niagara Trial Term dismissing the complaint in an action for damages for death of plaintiff's intestate alleged to have resulted from an unsafe place to work.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT F. SHAW, Appellant.— Order affirmed. Memorandum: Appellant appeals from an order denying his motion to vacate his sentence as a third offender in 1949, to a term of fifteen to twenty years upon his conviction for the crime of grand larceny first degree upon the ground that he was only a second offender, in that there was no conviction against him in Onondaga County Court in 1925. In our opinion, the order of the Onondaga County Court in 1925, was tantamount to a suspension of sentence and placing defendant on probation so that it constituted a conviction (Penal Law, § 2188; *Matter of Richetti* v. *New York State Bd. of Parole*, 300 N. Y. 357). Furthermore, the question raised by appellant is academic at this time, since his sentence of 1949 would be a proper one, whether he be regarded as a second offender or as a third offender (Penal Law, § 1941). All concur. (Appeal from an order of Monroe County Court denying an application to vacate a third-felony sentence imposed upon defendant.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.