WILLIAMS *v.* STATE.

4858                                                297 S. W. 2d 771

Opinion delivered January 21, 1957.

*Pat Robinson* and *Patsy Robinson,* for appellant.

*Tom Gentry,* Attorney General; *William M. Dabbs, Jr.,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. The appellant was convicted of having murdered Arnold Hutchison and was

sentenced to life imprisonment. The evidence is amply sufficient to support the jury's finding of guilt. The homicide arose from a dice game that was in progress after midnight on the morning of May 12, 1956, at the home of Fred Wesley in the city of Stamps. According to the state's testimony, Hutchison refused to lend Williams two dollars so that the latter might enter the game. After an exchange of heated words Williams went home and got his shotgun. The state's witnesses say that the accused did not re-enter the Wesley house when he returned with the shotgun; from the steps he called to one of the players to move out of the way and then fired through the screen door, killing Hutchison. This testimony fully sustains the charge of murder in the first degree.

For reversal it is argued that the court erred in arraigning Williams before he was arrested. This contention is based on the fact that the bench warrant in the record was served on May 15, although the accused had entered his plea of not guilty on the preceding day. The sheriff testified, however, that Williams voluntarily surrendered himself on May 12, a few hours after the shooting, and was put in jail on the same day. Even if Williams was not still under arrest when he was arraigned two days later he made no objection at the time. The record reflects that when the case came on to be heard the appellant's attorney announced his readiness for trial (though a motion for a continuance was filed and overruled). By such an announcement the accused waives his right to a formal arraignment. *Bettis* v. *State*, 164 Ark. 17, 261 S. W. 46. If the arraignment may be waived in its entirety it follows that a supposed defect in the arraignment can also be waived; for the whole includes its parts.

The sheriff testified that on the afternoon of May 12 Williams signed a confession, and while the sheriff was on the witness stand this document was handed to him by the prosecuting attorney, to refresh the witness's memory. The defense objected to this procedure, but, by failing to save an exception, apparently acquiesced

in the court's adverse ruling. In the absence of an exception the asserted error is not available on appeal. *Walker* v. *State,* 138 Ark. 517, 212 S. W. 319.

The appellant's attorney was correctly permitted to examine the written confession and, during the accused's examination in chief, exhibited it to the witness in eliciting a denial of a damaging statement in the confession. Later on, when the prosecuting attorney sought to cross-examine Williams about other statements in the confession, the defense objected on the ground that the paper had not been offered in evidence. Quite apart from the possibility that the prosecution's questions were a proper method of laying the foundation for impeachment by proof of prior inconsistent statements, voluntarily made, the defense had gone into the matter on direct examination and therefore could not object to its further development on cross examination. *Robinson* v. *State,* 174 Ark. 899, 298 S. W. 349.

We have studied the other assignments of error and find them to be without merit. Affirmed.