■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ST. LOUIS, Appellant.— Appeal from an order of the County Court of Franklin County which denied defendant's motion to vacate a judgment of conviction for the crime of burglary in the third degree, entered upon a plea of guilty. The proceeding herein was in the nature of coram nobis. In April, 1935 an indictment was returned against appellant in the Supreme Court of Franklin County which charged him with having committed the crime of burglary in the third degree on or about March 4, 1935. On May 25, 1936 appellant pleaded guilty to the crime charged in the indictment. Sentence was suspended and he was placed upon probation for two years. On December 7, 1936 the probationary part of the sentence was revoked and the appellant was sentenced to Elmira Reformatory at Elmira, New York according to law. On June 13, 1955 appellant was convicted in the County of St. Lawrence of the crime of attempted grand larceny in the second degree upon a plea of guilty, and thereupon sentenced as a second felony offender. In this proceeding appellant seeks to have his first conviction vacated on the ground that he was not informed of his right to counsel. The refusal of the County Court in this proceeding to grant the relief requested by appellant was made after a hearing at which appellant testified and was represented by counsel. On this hearing he testified that he could not recall whether the court advised

him of his right to counsel when he was arraigned on the indictment for his first conviction, and when he pleaded guilty thereto. The official records are silent so far as this matter is concerned. Appellant testified further that when he was brought before the County Court again and his probation revoked that he was not represented by counsel, and the court did not inform him of his right to counsel. On this state of the record it is apparent that a presumption of regularity existed so far as the first conviction is concerned. Appellant produced no evidence that he was not advised of his right to counsel at that time and hence a presumption of regularity exists (*People* v. *Richetti*, 302 N. Y. 290). Since the conviction of the 1935 offense must be deemed regular appellant is not entitled to have that conviction set aside on the ground that he was not informed of his right to counsel when the probationary part of his sentence was revoked. We find no authority, statutory or otherwise, that requires a court to inform a defendant that he has a right to counsel in connection with revocation of probation. In any event the prior conviction may be counted for the purpose of sentence as a second offender. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.