THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD J. KNAPP, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

Third Department, July 3, 1958.

*Harold J. Knapp,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Paxton Blair* and *Manuel T. Murcia* of counsel), for respondent.

REYNOLDS, J. Relator was convicted in November of 1949 in the County Court of Suffolk County of burglary in the third degree and, a month later, after the District Attorney had filed an information against him charging him with having been previously convicted of four felonies, he was sentenced as a fourth felony offender (Penal Law, § 1942). Some seven years later, he brought this habeas corpus proceeding in the Clinton County Court to have that judgment set aside upon the ground that he was improperly adjudicated a fourth offender. More particularly, relator claimed that two of the four convictions relied upon, namely, one obtained in Connecticut in 1935 and one obtained in Massachusetts in 1946, should not have been counted against him. The Clinton County Court, concluding that there was no merit to his contentions, dismissed the writ.

Although it is our view that the conviction against relator in Connecticut may not serve as a predicate for fourth offender punishment, we agree with the disposition made below, since, in our opinion, the Massachusetts conviction was properly included.

As already noted, the relator was convicted of burglary in Connecticut in 1935. The Connecticut court sentenced him to six months in jail, suspended the execution of the sentence and placed him on probation for a year. Concededly, had the imposition of sentence itself been suspended, a plea or verdict would not have been considered a previous conviction as a basis for fourth offender punishment (see *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249) and, contrary to the Attorney-General's contention, it matters not that the court, instead of suspending sentence, suspended execution of judgment after sentence, and placed relator on probation. (See *People ex rel. La Placa* v. *Murphy,* 252 App. Div. 827, affd. 277 N. Y. 581; cf. *People* v. *Shaw,* 1 N Y 2d 30, revg. 285 App. Div. 994; *People ex rel. Bistany* v. *Brophy,* 173 Misc. 572.)

It follows, therefore, that the Suffolk County Court erred in relying upon the 1935 conviction in Connecticut as a basis for sentencing relator as a fourth offender. However, this sentence will stand if the other conviction in question, that in Massachusetts, constitutes a conviction of a crime which, if committed in New York, would be a felony.

Relator was convicted in Massachusetts and sentenced to two years in prison following his plea of guilty to an indictment accusing him of eight different burglaries in eight separate counts. Six of those counts charged him with *breaking and entering* a dwelling house "in the night time" with intent to commit a felony therein, and the other two counts accused him of *breaking and entering* other dwellings but "in the day time".

Since application of section 1942 of our Penal Law depends upon whether the "crime" of which a defendant was previously convicted in another jurisdiction would, if committed in New York, be a felony, and since an indictment often includes allegations that are not essential elements of the offense charged, it is necessary, in order to determine the crime of which relator was convicted in Massachusetts, to examine the statute upon which the indictment was founded (see *People* v. *Olah,* 300 N. Y. 96). That statute (Mass. General Laws, ch. 266, § 18) defines two separate criminal acts, one, entering a dwelling house in the nighttime, and the other, breaking and entering a building in the daytime; it reads as follows: "Entering Dwelling House in Night Time or Breaking, etc., without Putting in Fear, in Day Time. Whoever, in the night time, enters a dwelling house without breaking, or breaks and enters in the day time a building, ship or vessel, with intent to commit a felony, no person lawfully therein being put in fear, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than five hundred dollars and imprisonment in jail for not more than two years."

Since in New York State it is the act of breaking into a building, as well as of unlawfully entering it, that constitutes a felony (Penal Law, § 404), it is manifest that relator's plea of guilty to the counts based upon burglary *in the nighttime* did not result in a conviction of a crime in Massachusetts which, if committed within our State, would have been a felony. Those counts in the Massachusetts indictment would have been valid and sufficient even if they had merely charged relator with entering a dwelling in the nighttime, admittedly not a felony of this State. The recital that he had broken into the house was immaterial and could have been disregarded as

surplusage. As the Court of Appeals wrote in *People* v. *Olah* (*supra,* pp. 98–99), FULD, J. : " It is the statute upon which the indictment was drawn that necessarily defines and measures the crime. There is a difference between the ' crime ' of which a defendant was convicted and the ' evidence ' relied upon to establish that crime. And, by the same token, there is a difference between the ' crime ' of which he was convicted and the ' act ' which he may have committed. In other words, the crime, i.e., the operative facts which constitute the criminal offense as defined by the statute, cannot be extended or enlarged by allegations in the indictment or by evidence at the trial. Expressed somewhat differently, facts not specified in the statute upon which the indictment is based may not be rendered material or operative by merely stating them in the judgment ".

This does not, however, conclude the case. Relator had also pleaded guilty to counts in the indictment charging him with breaking and entering a building in the daytime. Conviction under the Massachusetts statute of a daytime burglary does require proof of both breaking and entering and, consequently, the Massachusetts conviction was necessarily of a criminal act denominated a felony by our statute (Penal Law § 404). That being so, the Massachusetts conviction was properly included as a prior conviction under section 1942 of the Penal Law.

The present case, insofar as it concerns the statute of another jurisdiction covering two different criminal acts, brings into sharp focus the distinction between *People* v. *Olah* (300 N. Y. 96, *supra*) and *People* v. *Love* (305 N. Y. 722) and it may be worth while to note briefly what that difference is.

In the *Olah* case, the New Jersey indictment alleged facts over and beyond those rendered operative and essential by the applicable New Jersey statute and accordingly, the Court of Appeals held that conviction on that indictment did not necessarily mean that the defendant had committed, or been convicted of, an act which would have been a felony in this State. Contrariwise in *People* v. *Love* (*supra*), a consideration of the allegations of the Alabama indictment against the provisions of the Alabama statute upon which the indictment was based permitted of no doubt that the acts charged against the defendant, and of which he was convicted, would have been a felony if committed in New York. It was for that reason that the Court of Appeals, declaring that " This is not a situation encompassed by our decision in *People* v. *Olah* " (305 N. Y. 722, 723), held that the Alabama conviction had properly been relied upon as a conviction under section 1942 of the Penal Law.

By the same token, the Massachusetts conviction against relator was properly included to make up the three prior convictions to bring him within the coverage of section 1942. He could not have been convicted in Massachusetts of burglary in the daytime unless he had actually been guilty of both breaking and entering a dwelling house, an act felonious under the law of this State. The doubt that existed in *People* v. *Olah* (*supra*) as to the precise act of which the defendant had been convicted does not exist in the case before us. Therein lies the difference between *People* v. *Olah* (*supra*) on the one hand and *People* v. *Love* (*supra*) and this case on the other.

In summary, therefore, while the 1935 Connecticut conviction should not have been relied upon, the remaining three convictions — two in Connecticut and one in Massachusetts — required the Suffolk County Court to treat relator as a fourth offender and sentence him as such.

The order of the Clinton County Court dismissing the writ of habeas corpus should be affirmed.

FOSTER, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Order of the Clinton County Court dismissing writ of habeas corpus affirmed.