[No. 2507-1.    Division One.    December 2, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD
WARREN ANDERSON, *Appellant.*

*Wilbert Maez* of *Seattle-King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas H. Wolfendale, Deputy,* for respondent.

HOROWITZ, J.—Defendant appeals from a judgment convicting him of one count of taking and riding in a motor vehicle without permission of the owner, two counts of second-degree burglary, and one count of violating the Uniform Firearms Act, and further finding him to be a habitual criminal.

On December 26, 1972, defendant was charged by information with one count of taking and riding in a motor vehicle without the permission of the owner and one count of violating the Uniform Firearms Act. On January 3, 1973, defendant was arraigned and entered a plea of not guilty to both counts.

On December 28, 1972, an amended information was filed against defendant charging two counts of second-degree burglary. However, defendant was never arraigned on the amended information.

After full trial on the merits, defendant was found guilty of all four counts. Subsequently, a supplemental information was filed charging defendant with being a habitual criminal. The trial date on the supplemental information was April 19, 1973. On that date, for the first time, defendant contended his conviction on the two counts of second-degree burglary should be set aside because he had not been arraigned on those two counts. On denial of defendant's motion for new trial, defendant was adjudged to be a habitual criminal and was sentenced accordingly. This appeal followed.

Defendant makes four assignments of error. We affirm.

Defendant first contends the court erred in denying his

motion for new trial because he was not arraigned on the amended information charging him with two counts of second-degree burglary. He argues that without first being arraigned as required by RCW 10.40.010 on the two added burglary counts, his convictions thereon were not valid.

■ We find no prejudice from nonarraignment and further find defendant waived his right to be arraigned. The court expressly found both defendant and his counsel had actual notice of the burglary charges in advance of trial. Findings of fact Nos. 14, 15, 16. The record shows defendant had a full trial on the merits as if a plea of not guilty had been entered on the two counts. He proceeded to trial without objection and without asking for a continuance after announcing he was ready to proceed to trial. By this conduct defendant effectively waived his right to a formal arraignment. *Williams v. State,* 227 Ark. 228, 297 S.W.2d 771 (1957); *State v. Borchert,* 312 Mo. 447, 279 S.W. 72 (1926). We find no violation of due process. *See Garland v. Washington,* 232 U.S. 642, 58 L. Ed. 772, 34 S. Ct. 456 (1914).

■■ Defendant next contends the court erred in overruling defendant's objection to being fingerprinted in open court before the jury in both the trial and the habitual criminal proceeding. He argues his Fifth Amendment right to remain silent was violated, and that he was prejudiced by the fingerprinting procedure which unnecessarily portrayed him as a criminal. We find no error. The privilege against self-incrimination offers no protection against compulsion to submit to fingerprinting. *See United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967); *Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966). Mere fingerprinting of an accused in open court is not an act so inflammatory and prejudicial as to constitute a denial of due process. *United States ex rel. O'Halloran v. Rundle,* 266 F. Supp. 173 (E.D. Pa. 1967), *aff'd,* 384 F.2d 997 (3d Cir. 1967). In the instant case, the issue of defendant's identity was challenged at every perti-

nent proceeding. The fingerprinting of defendant in open court was proper to establish that identity.

Defendant contends RCW 9.92.090, the habitual criminal statute, as applied to defendant, deprives him of due process and equal protection of the laws. He argues the statute provides insufficient safeguards and standards for application of the statute and therefore constitutes an unconstitutional delegation of legislative authority. He further argues the statute in its present form permits improper selective enforcement of the statute. Defendant makes no showing that the statute, as applied by the prosecuting attorney, is applied on an arbitrary and discriminatory basis so as to deny defendant equal protection or due process of law. *State v. Nixon,* 10 Wn. App. 355, 517 P.2d 212 (1973). Moreover, there is no unconstitutional delegation of legislative authority. *State v. Williams,* 9 Wn. App. 622, 513 P.2d 854 (1973).

Defendant also contends he was deprived of liberty without due process of law because he was not provided with an opportunity to be heard at the prosecutor's meeting where the decision to file a habitual criminal information is made. We disagree. A defendant suffers no "deprivation" as a consequence of the prosecutor's decision to allege habitual criminal status. His deprivation occurs only when and if the prosecutor proves the allegation at trial, where the defendant is afforded the full range of due process protections.

Defendant contends he was denied a fair trial by being denied the effective assistance of counsel. He calls attention to the fact that his counsel (1) failed to write a letter on his behalf to the prosecuting attorney for consideration by him before a decision was reached to institute the habitual criminal proceeding; (2) failed to object to the procedure by which defendant was brought to trial without first being arraigned on the two additional burglary counts; (3) failed to ask for a continuance to permit the arraignment on the two added burglary counts; (4) failed to ask a sufficient

number of questions at trial; and (5) failed to permit defendant to assert possible alibi and other defenses.

■ The record shows that defendant and his counsel were aware that a habitual criminal proceeding was being considered. Defendant's counsel then entered into plea bargaining negotiations with the prosecuting attorney's office with a view to obtaining a disposition of the charges on a basis favorable to defendant. All the matters of which defendant complains are matters of tactics, and we cannot on this record uphold a claim of incompetence or neglect of duty sufficient to constitute ineffective assistance of counsel. *State v. Gibson*, 79 Wn.2d 856, 490 P.2d 874 (1971).

■ Defendant finally contends the court should have dismissed the case "in furtherance of justice." RCW 10.46.090. Whether dismissal should take place is discretionary with the trial court, reviewable only for manifest abuse of discretion. We find no such abuse here.

Affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied March 31, 1975.