[Nos. 44842, 44930.   En Banc.   January 26, 1978.]

*In the Matter of the Personal Restraint of* WAYNE HOKAMA, *Petitioner,* v. BRUCE JOHNSON, ET AL, *Respondents.*

*In the Matter of the Personal Restraint of* SIDNEY JEROME MOORE, *Appellant,* v. BRUCE JOHNSON, ET AL, *Respondents.*

*John H. Hertog, Jr., Allen M. Ressler,* and *Laurel Smith,* for petitioner and appellant.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondents.

BRACHTENBACH, J.—The task before us in these consolidated cases is to determine the meaning of the words "previously convicted" as used in the deadly weapon statute, RCW 9.95.040. Two defendants are involved.

Defendants appeal the decisions of the Board of Prison Terms and Paroles (Board) imposing upon each a mandatory minimum term of 7 1/2 years pursuant to the deadly weapon statute. We affirm the Board's decisions.

The legislature has determined that those individuals who commit felonies while armed with a deadly weapon should be punished more severely than those who commit felonies while not so armed. Pursuant to RCW 9.95.040(1), the Board must fix such an individual's duration of confinement at not less than 5 years. However, if this person has been "previously convicted" of a felony, he must receive a mandatory minimum term of 7 1/2 years for his armed–with–a–deadly–weapon conviction. RCW 9.95.040(2).

We must decide whether the defendants had been "previously convicted" within the meaning of RCW 9.95.040(2).

Hokama entered a plea of guilty to forgery in the first degree in June 1974, but failed to appear for his sentencing hearing in August 1974. Consequently, no sentence was imposed. In September 1974, he was arrested, charged and subsequently found guilty of robbery while armed with a deadly weapon. On February 3, 1975, sentence was imposed on both the first–degree forgery guilty plea and the robbery while armed with a deadly weapon charge. In June 1975, the Board fixed Hokama's minimum term on the robbery charge at 7 1/2 years after concluding that his previous

guilty plea to first–degree forgery was a "previous conviction" within the meaning of RCW 9.95.040(2).

The facts with regard to Moore are slightly different. In March 1972, Moore entered a plea of guilty to burglary in the second degree. However, he was present at his sentencing hearing and received a deferred sentence from the court.

Within his probationary period, a jury found Moore guilty of murder in the second degree while armed with a deadly weapon. Moore was sentenced to a maximum term of confinement of 35 years. Subsequently, his probation on the burglary charge was revoked and he received a concurrent 15–year term of confinement.

Thereafter, the Board fixed Moore's minimum term on the second–degree murder conviction at 20 years, of which 7 1/2 years were mandatory pursuant to RCW 9.95.040(2). The Board concluded that Moore's prior unrevoked deferred sentence on the burglary charge was a "previous conviction" within the meaning of RCW 9.95.040(2).

Defendants argue that the words "previous conviction" should be construed to mean a finding of guilt followed by a sentence to a term of imprisonment. In other words, the contention is that a defendant has not been "previously convicted" of a crime if he has not yet been sentenced or has received only a deferred or suspended sentence at the time he is found guilty of committing a crime while armed with a deadly weapon. Under this rationale, Moore and Hokama should have received only 5–year mandatory minimum terms, pursuant to RCW 9.95.040(1), rather than the 7 1/2 year minimum mandated by RCW 9.95.040(2).

We find Hokama's position especially untenable.

■ The trial court cannot impose sentence unless the defendant is present. CrR 7.1. Here, Hokama failed to appear for his sentencing hearing. He now claims that he had no "previous conviction" within the meaning of RCW 9.95.040(2) because he had not been sentenced. We would be condoning Hokama's failure to appear at his sentencing hearing, under certain circumstances a crime in itself, were

we to accept his argument. *See* RCW 9A.76.170. We refuse to do so.

Where a finding of guilt is made, either by a guilty plea or guilty verdict, and the defendant is released and subsequently fails to appear at his sentencing hearing, the finding of guilt is clearly a "previous conviction" for the purposes of the enhanced punishment provisions of RCW 9.95.040(2).

However, we would reach the same result even if Hokama, like Moore, had appeared and received a deferred sentence.

Defendants urge that we should apply the rationale of cases dealing with construction of the word "conviction" as used in habitual criminal statutes. These cases hold that a prior finding of guilt, without sentencing, or that a prior deferred or suspended sentence, cannot be utilized to implement the enhanced penalties of habitual criminal statutes. *See* 5 A.L.R.2d 1080 (1949). In particular, defendants rely on the Court of Appeals construction of Washington's habitual criminal statute in *State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970).

There, the Court of Appeals held that "a prior deferred or suspended sentence cannot be utilized as a 'conviction' within the meaning of a statute enhancing the penalty for a second or subsequent conviction." *State v. Mitchell, supra* at 951. The court reasoned that the reformative atmosphere of prison must precede an enhanced punishment for a second offense. Anything less than incarceration, including a deferred or suspended sentence, did not provide the necessary reformative atmosphere.

We do not agree with the *Mitchell* reasoning as applied to the deadly weapon statute. We believe that a sufficient opportunity for reformation is provided by a deferred or suspended sentence. We point out that the meaning of the words "previous conviction" as used in the habitual criminal statute is not before us.

It is widely accepted that probation and continued life in the community are more rehabilitative than the penitentiary. American Bar Association Project on Minimum Standards for Criminal Justice, *Standards Relating to Sentencing Alternatives and Procedures* § 2.3(c), comment e (1968). Enhanced punishment is in order for an individual who personifies his dangerous propensities by committing a crime while armed with a deadly weapon. When, in addition, he has been involved with the law on a previous occasion and has failed to reform when given an opportunity to do so, the public is entitled to even greater protection by having the offender committed for a mandatory minimum term of 7 1/2 years.

The sentences imposed by the Board of Prison Terms and Paroles are affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.