[No. 3709-1. Division One. March 13, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES A. CARLYLE, *Appellant.*

*Mathew D. Griffin,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *Thomas J. Wynne, Deputy,* for respondent.

CALLOW, J.—On October 31, 1974, the defendant James A. Carlyle was charged with five felony counts, including one count of prison riot, one count of injury to property, two counts of assault in the second degree, and one count of interfering with a penal officer. On November 11, 1974, while being transported from the Washington State Penitentiary to Snohomish County for arraignment, the defendant and a codefendant, Alvin Gilcrist, escaped from the custody of the transporting officers. The defendant was

immediately captured and charged on November 12, 1974, with escape. He entered a plea of not guilty by reason of insanity to the charge of escape when arraigned on that charge.

On March 3, 1975, a supplemental information was filed charging the defendant with being a habitual criminal in that he previously had been convicted twice of a felony. When the matter came on for hearing, an amended information was served on the defendant charging him with attempted escape. After being advised that a supplemental information had been filed charging the defendant as a habitual criminal and that the prosecution would dismiss the charges arising out of the prison riot, set forth in the initial information, the defendant entered a plea of guilty to the amended information charging attempted escape.

The defendant waived a jury before trial on the supplemental information charging him with being a habitual criminal. At trial, the State first proved that the defendant had been convicted previously of second-degree burglary in Spokane County in 1971. The State then proved that the defendant had been convicted previously of escape in Snohomish County in 1973. The defendant was granted a deferred sentence under the provisions of RCW 9.95.210 on the 1973 escape conviction. After extended argument, the trial court found that the 1973 conviction for escape did not constitute a prior conviction within the scope of the second paragraph of RCW 9.92.090.[1] The court then found the defendant to be a habitual criminal within the scope of the first paragraph of RCW 9.92.090.

---

[1]RCW 9.92.090 reads:

"Habitual criminals. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously

The defendant appeals from the judgment and sentence entered on the finding that he was a habitual criminal under the first paragraph of RCW 9.92.090, and the State cross–appeals from the failure of the court to adjudge the defendant a habitual criminal within the scope of the second paragraph of RCW 9.92.090.

The defendant challenges the habitual criminal proceeding claiming (a) that he is being deprived of liberty without due process of law, (b) that filing a habitual criminal charge against him was an abuse of prosecutorial discretion and deprived him of the equal protection of the law, (c) that he is being subjected to cruel and unusual punishment, and (d) that the statute unconstitutionally delegates legislative authority to the executive branch.

The State cross–appeals the judgment asserting that the trial court erred in concluding (a) that the defendant's conviction for escape, sentencing for which was deferred, did not constitute a previous conviction of a felony, and (b) that the defendant was a habitual criminal within the scope of the first paragraph of RCW 9.92.090 instead of the second paragraph thereof.

 The defendant contends that there were flaws in the habitual criminal proceeding itself. We hold, however, that the proceedings did not deprive him of due process or equal protection or subject him to cruel and unusual punishment. *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); *Oyler v. Boles*, 368 U.S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501 (1962); *Snowden v. Hughes*, 321 U.S. 1, 88 L. Ed. 497, 64 S. Ct. 397 (1944); *State v. Starrish*, 86 Wn.2d 200, 544 P.2d 1 (1975); *State v. Jacobsen*, 78 Wn.2d 491, 477 P.2d 1 (1970); *State v. Tatum*, 61 Wn.2d 576, 379 P.2d 372 (1963); *State v. West*, 197 Wash. 595, 86 P.2d 192, *cert. denied*, 306 U.S. 660, 83 L. Ed. 1057, 59 S. Ct. 791 (1939);

have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

*State v. Anderson,* 12 Wn. App. 171, 528 P.2d 1003 (1974). We hold further that the habitual criminal statute, RCW 9.92.090, does not unconstitutionally delegate legislative authority to the executive branch. *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976); *State v. Thomas,* 16 Wn. App. 1, 14–17, 553 P.2d 1357 (1976).

The State contends on cross appeal that the defendant's conviction for escape on which sentence was "deferred" constitutes a previous conviction within RCW 9.92.090. We are asked whether a charge in which a suspended sentence or a deferred sentence was entered can be used as a prior conviction for purposes of the habitual criminal statutes.

Differences exist between a deferred and a suspended sentence. When a sentence has been "suspended," the court has adjudged the accused guilty of the crime and has passed sentence upon him but has arrested the execution or operation of the sentence upon specified conditions. A sentence is "deferred" when the court adjudges the defendant guilty but stays or defers imposition of the sentence and places the person on probation. *State v. Wright,* 202 N.W.2d 72, 77, 56 A.L.R.3d 916 (Iowa 1972), noted:

> A *suspended sentence* is *one actually imposed but* the *execution* thereof is thereafter *suspended* while a *deferred sentence* is *never imposed* unless defendant violates the condition of his probation.

(Italics ours.) Further, *State v. Davis,* 56 Wn.2d 729, 730, 355 P.2d 344 (1960), stated:

> Generally speaking, our superior courts use the former ["the Suspended Sentence Act," RCW 9.92.060] when they desire to *suspend the execution of a sentence* during the good behavior of a convicted person, and the latter ["the Probation Act," RCW 9.95.200–.250] when they desire to *defer the imposition of a sentence,* with a view to an ultimate dismissal of the charges if the behavior of the convicted person warrants such action. However, the latter is available and is used in many instances for the suspension of the execution of a sentence.

(Italics ours.) The statute authorizing suspended sentences reads in part:

RCW 9.92.060 Suspending sentences. Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, *at the time of imposing sentence* upon such person, direct that such sentence be stayed and suspended . . .

(Italics ours.) The statute authorizing probation for those receiving deferred or suspended sentences reads in part:

RCW 9.95.210 Conditions may be imposed on probation. The court in granting probation, *may suspend the imposing or the execution* of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

(Italics ours.) RCW 9.95.240 provides, as it did at all times pertinent hereto, as follows:

Dismissal of information or indictment after probation completed. Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

With the enactment of the statutes just recited, much of the difference between suspended and deferred sentences disappeared since now a defendant whose sentence has

been either deferred or suspended may move to have the information filed against him dismissed upon fulfillment of the conditions of his probation. *See* Attorney General Opinion, December 27, 1962. A remaining difference is that sentence is yet to be entered when it is deferred, while it has been entered even if it is thereafter suspended. A defendant who violates the terms of his probation may, upon revocation, be required to serve the sentence that was suspended, while sentence is yet to be formally entered upon a defendant who has violated the probation granted as a part of the order deferring sentence.

The judgment and sentence entered following the defendant's 1973 conviction for escape reads in part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant is guilty of the crime of escape and that he *be punished* therefor *by imprisonment* in such correctional institution under the supervision of the Department of Social and Health Services, Division of Institutions, as shall be designated by the Secretary of the Department of Social and Health Services, *for a maximum term of ten (10) years.*
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the *execution* of said sentence is *hereby deferred* pursuant to the provisions of R.C.W. 9.95.210, and the defendant is placed on probation for a period of two (2) years, upon the following conditions, . . .

(Italics ours.)

It was said in *State v. Mitchell,* 2 Wn. App. 943, 951, 472 P.2d 629 (1970), followed by *State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), that a deferred or suspended sentence could not be a qualifying link to count as one of the requisite convictions which could be proved under the habitual criminal statutes. We decline to follow this holding· and find that the rationale for the rule has been clouded by the recent decision of *Hokama v. Johnson,* 89 Wn.2d 580, 574 P.2d 379 (1978).

Jurisdictions across the country are divided on whether convictions upon which sentences have been deferred or suspended may be used as convictions for the purpose of

the habitual criminal statutes. Illustrative of cases permitting such use are *State v. Robison,* 99 Ariz. 241, 408 P.2d 29 (1965); *State v. O'Dell,* 71 Idaho 64, 225 P.2d 1020 (1950); *Winn v. Commonwealth,* 303 S.W.2d 275 (Ky. 1957); *State v. Cerny,* 248 S.W.2d 844 (Mo. 1952), *aff'd,* 286 S.W.2d 804 (Mo. 1956); and *Commonwealth ex rel. Trotter v. Hendrick,* 197 Pa. Super. 230, 177 A.2d 162 (1962). On the other hand, *Cromeans v. State,* 160 Tex. Crim. 135, 268 S.W.2d 133 (1954), and *People ex rel. Knapp v. Jackson,* 6 App. Div. 2d 151, 175 N.Y.S.2d 770 (1958), did not permit a suspended or deferred sentence to be used as a qualifying link.

*State v. Liliopoulos,* 165 Wash. 197, 5 P.2d 319 (1931), held that a suspended sentence was a final adjudication for the purposes of appeal. It follows that a conviction is also a conviction for the purpose of imposing an enhanced penalty for repetitive commission of crime. We see no basis for holding a conviction final for the one purpose and not the other. We conclude that the fact that a court has exercised its discretion and sought to rehabilitate an individual does not alter the fact that the person has been convicted of the crime. *Winn v. Commonwealth, supra; State v. Olson,* 200 Iowa 660, 204 N.W. 278 (1925). Further, it has been held that the pardoning of a defendant following a conviction does not expiate the fact of the conviction as a link for the purpose of the habitual criminal statutes. *State v. Edelstein,* 146 Wash. 221, 262 P. 622 (1927). *See also State v. Cullen,* 14 Wn.2d 105, 127 P.2d 257 (1942); *State ex rel. Zbinden v. Superior Court,* 135 Wash. 458, 238 P. 9, 240 P. 565 (1925).

██ In addition, we construe the term "conviction" to mean the point in a prosecution where the accused is formally adjudged as being guilty of the crime charged. In *People v. Funk,* 321 Mich. 617, 621, 33 N.W.2d 95, 96, 5 A.L.R.2d 1077 (1948), it was held that the habitual criminal statutes of Michigan did not make imposition of sentence

upon the previous conviction a prerequisite to the enhancement of punishment upon a following conviction. The opinion states:

> The conviction is the finding of guilt. Sentence is not an element of the conviction but rather a declaration of its consequences.

A number of cases have held that if a deferred or suspended sentence has been revoked, such a conviction is final and will support enhanced punishment under the habitual statutes. *State v. Larranaga,* 77 N.M. 528, 424 P.2d 804 (1967); *People v. St. Louis,* 3 App. Div. 2d 883, 161 N.Y.S.2d 170 (1957); *Doby v. State,* 383 S.W.2d 418 (Tex. Crim. App. 1964), *cert. denied,* 380 U.S. 920, 13 L. Ed. 2d 804, 85 S. Ct. 914 (1965). We see no necessity for first revoking probation, in a conviction wherein sentence has been suspended or deferred, in order for that conviction to be an essential link in a habitual criminal charge. The purpose of the habitual criminal statutes is to extend the period of incarceration for the continuous commission of crime. Where a subsequent crime has been committed and enhanced punishment is sought, it is apparent that the existing probation has been violated by the commission of the further crime. Going through the motions of a formal revocation hearing in such a situation would impose upon the court a useless act. Further, we do not agree with the reasoning in *State v. Mitchell, supra,* and *State v. Ashker, supra,* that there must be a period of incarceration served following a conviction for a person to be subject to adjudication as a habitual criminal. As recently stated in *Hokama v. Johnson, supra* at 583–84, referring to the *Mitchell* and *Ashker* cases:

> There, the Court of Appeals held that "a prior deferred or suspended sentence cannot be utilized as a 'conviction' within the meaning of a statute enhancing the penalty for a second or subsequent conviction." *State v. Mitchell* [2 Wn. App. 943, 951, 472 P.2d 629 (1970)]. The court reasoned that the reformative atmosphere of prison must precede an enhanced punishment for a second offense. Anything less than incarceration, including a deferred or

suspended sentence, did not provide the necessary reformative atmosphere.

We do not agree with the *Mitchell* reasoning as applied to the deadly weapon statute. We believe that a sufficient opportunity for reformation is provided by a deferred or suspended sentence. We point out that the meaning of the words "previous conviction" as used in the habitual criminal statute is not before us.

It is widely accepted that probation and continued life in the community are more rehabilitative than the penitentiary. American Bar Association Project on Minimum Standards for Criminal Justice, *Standards Relating to Sentencing Alternatives and Procedures* § 2.3(c), comment e (1968). Enhanced punishment is in order for an individual who personifies his dangerous propensities by committing a crime while armed with a deadly weapon. When, in addition, he has been involved with the law on a previous occasion and has failed to reform when given an opportunity to do so, the public is entitled to even greater protection by having the offender committed . . .

We hold that the same rationale applies when the habitual criminal statutes are involved.

Finally, we hold also that the 1973 escape conviction falls directly within the proviso of RCW 9.95.240 that in any subsequent prosecution the prior conviction can be pleaded and proved. The language of the proviso is inclusive, not restrictive, and releases the defendant from "all penalties and disabilities resulting from the offense or crime of which he has been convicted," but it does not negate the impact of the conviction upon future offenses and does not negate the correctness of the initial determination of guilt. *United States v. Potts,* 528 F.2d 883 (9th Cir. 1975); *State v. Cullen, supra.* In discussing this proviso to RCW 9.95.240, it was recently stated in *State v. Braithwaite,* 18 Wn. App. 767, 771, 572 P.2d 725 (1977):

That proviso is an unmistakable indication of the legislature's intent to treat a finding of guilt, followed by suspension of execution of the sentence under the probation act, as a "conviction" in a habitual criminal proceeding. Put another way, the finding of guilt is a "conviction" because it is "specially made so by statute."

*Tembruell v. Seattle,* [64 Wn.2d 503, 392 P.2d 453 (1964)], at 510.

The purpose of the habitual criminal statute is to impose a heavier penalty upon the conviction of one whose guilt is aggravated by the repetition of criminal conduct. *State v. Miles,* 34 Wn.2d 55, 207 P.2d 1209 (1949).

The trial court should have (1) found the defendant to be a habitual criminal with two prior convictions, and (2) imposed sentence pursuant to the second paragraph of RCW 9.92.090.

The judgment is affirmed in part and reversed in part, with directions that the defendant be resentenced in accordance with this opinion.

JAMES, J., concurs.

WILLIAMS, J. (concurring)—I concur for the reasons given in *State v. Braithwaite,* 18 Wn. App. 767, 572 P.2d 725 (1977) and *Hokama v. Johnson,* 89 Wn.2d 580, 574 P.2d 379 (1978).